047756/20172/RCH/ELA/JFM

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID MUCZYNSKI and AMY BROUCEK,<br><br>           Plaintiff,<br><br>v.<br><br>LYFT, INC.; LYFT ILLINOIS, INC.; HERTZ VEHICLES, LLC; HERTZ VEHICLES FINANCING, LLC; THE HERTZ CORPORATION; HERTZ CAR SALES; RAISIER, LLC; UBER TECHNOLOGIES, INC; ANDERSON MARTINEZ COLON a/k/a ANDERSON MARTINEZ a/k/a ANDERSON ANDY MARTINEZ; and SYED AKHTER a/k/a SYED NADEEM AKHTER SR. a/k/a SYED NADEEM AKHTAR SR. a/k/a SYED RAZA AKHTER a/k/a SYED RAZA AKHTAR,<br><br>           Defendants. | Case Number: |

## NOTICE OF REMOVAL

NOW COME the Defendants, LYFT, INC. and LYFT ILLINOIS, INC. (collectively, "Lyft"), by and through their attorneys, Richard C. Huettel, Erik L. Andersen, and James F. Maruna, of CASSIDAY SCHADE LLP, and for their Notice of Removal, pursuant to 28 U.S.C. § 1446, state as follows:

### Background and State Court Procedural Posture

1.     Plaintiffs, DAVID MUCZYNSKI and AMY BROUCEK, filed his initial complaint in the Circuit Court of Cook County on April 23, 2021. *See* Complaint at Law, attached as ***Exhibit A***. The Complaint named (1) LYFT, INC; (2) LYFT, ILLINOIS, INC; (3) HERTZ VEHICLES, LLC; (4) HERTZ VEHICLE FINANCING, LLC; (5) THE HERTZ CORPORATION; (6) HERTZ

CAR SALES; (7) RASIER, LLC; (8) UBER TECHNOLOGIES, INC.; (9) ANDERSON MARTINEZ COLON; and (10) SYED AKHTER as defendants.

2. Plaintiffs' Complaint at Law sounds in negligence based on an alleged automobile accident that occurred on April 27, 2019 at LaSalle Street and Lake Street in the City of Chicago, Cook County, Illinois. (Ex.A at ¶ 11). As a result of the alleged accident, both Plaintiffs claim that they sustained damages including "bodily injury; pain and suffering; mental suffering; medical expenses; loss of earnings; injury to earning capacity; and disability or loss of normal life." (Ex.A at ¶ 19).

3. Plaintiffs served Lyft on April 30, 2021. *See* Proof of Service, attached as ***Exhibit B***. Per the Cook County online docket, Plaintiff has not served any other Defendant. *See* Cook County Online Docket, attached as ***Exhibit C***.

I. **This Litigation Satisfies the Requirements for Diversity Jurisdiction Pursuant to 28 U.S.C. § 1332**

5. Pursuant to 28 U.S.C. § 1332, a party may invoke Federal Jurisdiction where there is: (1) complete diversity of the Parties; and (2) more than $75,000 in controversy alleged.

6. First, there is complete diversity of parties. Both Plaintiffs are citizens of Michigan. *See* Police Report, attached as ***Exhibit D***.

7. Defendant Lyft, Inc. is a corporation organized under the laws of the State of Delaware, and Lyft's principal place of business is California. *See* Illinois Secretary of State Corporation File Detail Report for Lyft, Inc., attached as ***Exhibit E.***

8. Defendant, Lyft Illinois, Inc. is a corporation organized under the laws of the State of Delaware, and Lyft Illinois' principal place of business is California. *See* Illinois Secretary of State Corporation File Detail Report for Lyft Illinois, Inc.*,* attached as ***Exhibit F***.

2

9. Unserved Defendant, Hertz Vehicles, LLC, is a Delaware Limited Liability Company. *See* Illinois Secretary of State Corporation File Detail Report for Hertz Vehicles, LLC, attached as ***Exhibit G.*** Its member is Defendant, Hertz Vehicle Financing, LLC. (Ex.G).

10. Unserved Defendant, Hertz Vehicle Financing, LLC, is a Delaware Limited Liability Company. *See* Illinois Secretary of State Corporation File Detail Report for Hertz Vehicle Financing, LLC, attached as ***Exhibit H***. Its member is the Hertz Corporation. (Ex.H);[1] Accordingly, for purposes of Federal Diversity jurisdiction, both Hertz Vehicles, LLC and Hertz Vehicle Financing, LLC are citizens of the states where the Hertz Corporation is a citizen. *Busch v. Lee Enters.*, No. 09-780-GPM, 2009 U.S. Dist. LEXIS 118607, * 7, 2009 WL 5126799 (S.D. Ill. Dec. 21, 2009) (noting that in a single member LLC where the sole member is a corporation, the LLC is a citizen of the states where the corporation is incorporated and maintains its principal place of business). The Hertz Corporation is a Delaware Corporation with its principal place of business in Florida. *See* Illinois Secretary of State Corporation File Detail Report for the Hertz Corporation, attached as ***Exhibit I***. Accordingly, both Hertz Vehicles, LLC and Hertz Vehicle Financing, LLC are citizens of Delaware and Florida for Federal Diversity Jurisdiction.

11. As noted, Unserved Defendant the Hertz Corporation, is a citizen of Delaware and Florida (Ex.I); however, Plaintiffs improperly joined Defendant The Hertz Corporation to this lawsuit because the Hertz Corporation is currently under bankruptcy protection in the District of

---

[1] *see also* Hertz's SEC 10-K Disclosure, available at:
*https://app.quotemedia.com/data/downloadFiling?webmasterId=101533&ref=115677761&typ=HTML&formType=10-K&dateFiled=2021-02-26&cik=0001657853&CK=1657853&symbol=0001657853&companyName=Hertz+Global+Holdings%2C+Inc.* citing
*https://www.sec.gov/Archives/edgar/data/1364479/000136447914000006/exhibit1021secondamendedan.htm* (explaining the ownership structure of the various Hertz entities).

3

Delaware Bankruptcy Court.[2] Thus, Defendant Hertz is not properly joined and served to this matter at the time of its removal.

12. Likewise, Unserved Defendant, Hertz Car Sales, is also improperly joined because it is one of the listed Hertz entities attached to the Hertz Corporation's bankruptcy filing. *See In Re The Hertz Corporation,* No. 20-11218-MFW (Bankr. D. Del.), at CM/ECF Dkt. No. 1, p. 3. Thus, Defendant, Hertz Care Sales, is not properly joined and served to this matter at the time of its removal.

13. Unserved Defendant, Rasier, LLC is a Delaware Limited Liability Company. *See* Illinois Secretary of State Corporation File Detail Report for Rasier, LLC, attached as **Exhibit J**. Raiser, LLC's sole member is Uber Technologies, Inc. *See Haisley v. Reeder,* No. 19-2224, 2021 U.S. Dist. LEXIS 2674, * 2, n.1, 2021 WL 62399 (E.D. La. Jan. 7, 2021) (finding that "Rasier, LLC is a limited liability company with Uber Technologies, Inc., as its sole member"); *Kaunders v. Uber Techs., Inc.*, No. 16-11659-FDS, 2017 U.S. Dist. LEXIS 32304, * 5 (C.D. Mass. Mar. 7, 2017) (finding that Rasier, LLC's sole member was Uber, so Rasier is a citizen of where Uber is a citizen).

14. Unserved Defendant, Uber Technologies, Inc., is a Delaware corporation with its principal place of business in California. *See* Illinois Secretary of State Corporation File Detail Report for Uber Technologies, Inc., attached as **Exhibit K**. Accordingly, both Uber Technologies and Rasier, LLC are citizens of Delaware and California for Federal Diversity Jurisdiction.

---

[2] Hertz Corporation is currently under the protection of bankruptcy filing. *In re Hertz Corporation,* No. 20-11218-MFW (Bankr. D. Del.) On May 27, 2020, the Court entered a worldwide stay pursuant to Section 362 of the Bankruptcy Code. *In re Hertz Corporation,* No. 20-11218-MFW (Bankr. D. Del.) at CM/ECF Dkt. No. 184, p. 2.

9. Unserved Defendant Colon is a citizen of Illinois. (Ex.D). As noted, there is no service on this Illinois Defendant. (Ex.B). Thus, Colon is not "properly joined *and served*" to this matter at the time of its removal. *See* 28 U.S.C. § 1441(b)(2) (emphasis added).

10. Unserved Defendant Akhtar is a citizen of Illinois. (Ex.D). As noted, there is no service on this Illinois Defendant. (Ex.B). Thus, Akhtar is not "properly joined *and served*" to this matter at the time of its removal. *See* 28 U.S.C. § 1441(b)(2) (emphasis added).

13. There is thus complete diversity of all parties in this matter. As noted, both Plaintiffs are Michigan citizens, and all named Defendants are not. (Exs. A-K).

14. Lyft, as a non-forum defendant, may remove this action because "removal before service on the in-forum defendant is permitted" in these circumstances. *Wragge v. Boeing Co.,* No. 20-CV-4457 2021 U.S. Dist. LEXIS 62631, * 13, 2021 WL 1209157 (N.D. Ill. Mar. 31, 2021) (Valderrama, J.); *W. Bent Mut. Ins. Co v. MSPPR, LLC,* No. 20-CV-3308, 2021 U.S. Dist. LEXIS 24545, * 5, 2021 Wl 463259 (N.D. Ill. Feb. 9, 2021) (Kness. J.); *I.T.M. v. Midwest Can Co., LLC,* No. 20-CV-2230, 2021 U.S. Dist. LEXIS 9512, * 8, 2021 WL 170734 (N.D. Ill. Jan. 19, 2021) (Dow, J.); *Serv. Corp. Int'l v. Stericycle, Inc.* No. 20-C-838, 2020 U.S. Dist. LEXIS 208668, * 6, 2020 WL 6565253 (N.D. Ill. Nov. 9, 2020) (Kendall, J.); *Grandinetti v. Uber Techs., Inc.*, No. 19-CV-5731, 2020 U.S. Dist. LEXIS 136827, *18, (N.D. Ill. Aug. 1, 2020) (Chang, J.); *Graff v. Leslie Hindman Auctioneers, Inc.*, 299 F. Supp. 3d 928, 936 (N.D. Ill. 2017) (St. Eve, J.) (collecting cases); *see also D.C. v. Abbott Labs, Inc.,* 323 F. Supp. 991, 996-97 (N.D. Ill. 2018) (Dow, J.) (same).

16. Second, this matter contains more than $75,000 in controversy. In their Complaint at Law, Plaintiffs claim that they each sustained "past, present, **and future** loss and damage: a) bodily injury; b) pain and suffering; c) mental suffering; d) medical expenses; e) loss of earnings

and injury to earning capacity; and f) disability or loss of normal life." (Ex.A at ¶ 36) (emphasis added).

17. Because Illinois does not require a party to plead a maximum amount of damages in a state law negligence case, the Plaintiffs claimed only that their damages *exceed* $50,000 in his underlying State Court Complaint rather than pleading a maximum value. *See* 28 U.S.C. § 1446(c)(2)(A)(ii).

18. However, the nature of the Plaintiffs' alleged injuries, the value of their claimed economic and non-economic damages, the fact that the Plaintiffs already attested that their damages *exceed* $50,000 as of today. First, pre-suit the Plaintiff made a six-figure demand to resolve Ms. Broucek's claim and a seven-figure demand to resolve Mr. Muczynski's claim. *See Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815-816 (7th Cir. 2006) (noting that Fed. R. Evid. 408 does not shield settlement offers used to establish diversity jurisdiction's amount in controversy requirement). Second, the fact that both Plaintiffs claim that they will each incur **future** damages in the form of bodily injury; pain and suffering; mental suffering; medical expenses; loss of earnings; loss of earnings capacity; and disability or loss of normal life clearly place more than $75,000 in controversy in this matter in his pleading. *See* 28 U.S.C. § 1446(c)(2)(B); (Ex.A at ¶ 36); *see also Congdon v. Cheapcaribbetan.com, Inc.*, No. 17-C-5502, 2017 U.S. Dist. LEXIS 182500, *13-14, 2017 WL 50669960 (N.D. Ill. Nov. 3, 2017) ("Plaintiffs' complaint explicitly requests damages for current and future 'pain and suffering, disability, disfigurement, loss of income, loss of a normal life, and medical expenses' as well as lost wages.' Such damages could easily exceed $75,000"). Clearly, Plaintiff seeks more than $75,000 in this case.

6

19. Accordingly, this lawsuit meets both of diversity jurisdiction's elements: (1) complete diversity of parties and (2) more than $75,000 alleged in controversy. 28 U.S.C. § 1332.

20. Next, venue is proper in this judicial district. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. Plaintiffs' Complaint at Law alleges that their injuries stem from a motor vehicle collision that occurred in Chicago's Loop at Lake Street and LaSalle Street. (Ex.A at ¶ 11). Accordingly, a substantial portion of the events giving rise to this accident occurred in Cook County, Illinois. Cook County, Illinois is located in the Northern District of Illinois, Eastern Division. Therefore, this litigation's proper venue is the Northern District of Illinois, Eastern Division.

## II. Lyft Timely Filed Its Notice of Removal Pursuant to 28 U.S.C. § 1446

21. Lyft timely filed its Notice of Removal. Pursuant to 28 U.S.C. § 1446(b)(2)(B), a party seeking removal must file notice "within thirty days after receipt by the defendant, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

22. Lyft received the Complaint at Law via service on its registered agent on April 30, 2021. (Ex.B). Accordingly, Lyft has thirty (30) days from April 30, 2021 to file its notice of removal, or more particularly, Lyft has until May 31, 2021 to file its notice of removal.[3] Lyft satisfied the requirement for timely filing Notice of Removal pursuant to 28 U.S.C. § 1446(b)(2)(B).

23. Furthermore, 42 U.S.C. § 1446(b)(2)(A) provides that all properly served and joined defendants must consent to removal. As discussed, Plaintiffs have not served anyone but

---

[3] Because the thirtieth day, May 30th, is a Sunday, the rules extend the deadline to the next business day, Monday, May 31st. Fed. R. Civ. P. 6(a)(1)(C).

7

the Lyft entities in this case. Because the unserved defendants are not properly served and joined, Lyft does not require the consent of any other defendant before filing this notice of removal because no other defendant is properly joined and served.

24. Therefore, Lyft has satisfied all requirements for removing this action to Federal Court. 28 U.S.C. § 1446(b)(2)(A)-(C).

25. Because this lawsuit meets the requirements for diversity jurisdiction, and Lyft timely filed and served its Notice of Removal, this instant lawsuit qualifies for removal to Federal Court. Therefore, Lyft requests this lawsuit's removal from Cook County Circuit's Court's Law Division to the United States District Court for the Northern District of Illinois, Eastern Division

WHEREFORE, Defendants, LYFT, INC. and LYFT ILLINOIS, INC., respectfully request this cause of action's removal to the United States District Court for the Northern District of Illinois, Eastern Division.

Respectfully submitted,

LYFT, INC. and LYFT ILLINOIS, INC.

By:  /s/ James F. Maruna

Richard C. Huettel / ARDC No. 6190664
Erik A. Andersen / ARDC No. 6255553
James F. Maruna / ARDC No. 6313433
CASSIDAY SCHADE, LLP
222 W. Adams Street, Suite 1000
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 – Fax
rhuettel@cassiday.com
eandersen@cassiday.com
jmaruna@cassiday.com

*Counsel for the Lyft Defendants.*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2021, I electronically filed the foregoing document with the clerk of the court for the Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case. A paper copy was placed in U.S. Postal Service to the only attorney of record with an appearance on file on the Cook County Docket:

> Danylo Terleckyj
> Levinson and Stefani
> 230 W. Monroe St., Suite 2210
> Chicago, IL 606060
> dan@levinsonstefani.com

Furthermore, the Defendant has placed a copy of this removal notice for filing with the Clerk of the Cook County Circuit Court.

/s/ James F. Maruna

9830119 JMARUNA;JMARUNA