FILED DATE: 4/23/2021 11:59 AM   2021L004231

FILED
4/23/2021 11:59 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L004231

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| DAVID MUCZYNSKI; and, <br> AMY BROUCEK, <br><br> Plaintiffs, <br><br> v. <br><br> LYFT, INC.; LYFT ILLINOIS, INC.; <br> HERTZ VEHICLES LLC; <br> HERTZ VEHICLE FINANCING LLC; <br> THE HERTZ CORPORATION; <br> HERTZ CAR SALES; RASIER, LLC; <br> UBER TECHNOLOGIES, INC.; <br> ANDERSON MARTINEZ COLON a/k/a <br> ANDERSON MARTINEZ a/k/a <br> ANDERSON ANDY MARTINEZ; and <br> SYED AKHTER a/k/a SYED AKHTAR <br> a/k/a SYED NADEEM AKHTER SR. <br> a/k/a SYED NADEEM AKHTAR SR. <br> a/k/a SYED RAZA AKHTER a/k/a <br> SYED RAZA AKHTAR, <br><br> Defendants. | No. <br><br> **Plaintiffs Demand a Trial by Jury** |

### COMPLAINT AT LAW

NOW COME the Plaintiffs, David Muczynski and Amy Broucek, by and through their attorneys, Levinson and Stefani, and complaining of the Defendants, Lyft, Inc.; Lyft Illinois, Inc.; Hertz Vehicles LLC; Hertz Vehicle Financing LLC; The Hertz Corporation; Hertz Car Sales; Raiser, LLC; Uber Technologies, Inc.; Anderson Martinez Colon a/k/a Anderson Martinez a/k/a Anderson Andy Martinez; and, Syed Akhter a/k/a Syed Akhtar a/k/a Syed Nadeem Akhter Sr. a/k/a Syed Nadeem Akhter Sr. a/k/a Syed Raza Akhter a/k/a Syed Raza Akhtar, state as follows:

### FACTS COMMON TO ALL COUNTS

1. Defendant Lyft, Inc., (hereinafter "Lyft"), is a Corporation registered in the State of Delaware and doing business in the County of Cook, State of Illinois.

1

<span style="color:red">**Exhibit A**</span>

FILED DATE: 4/23/2021 11:59 AM    2021L004231

2.     Defendant Lyft Illinois, Inc., (hereinafter "Lyft Illinois"), is a Corporation registered in the State of Delaware and is doing business in the County of Cook, State of Illinois.

3.     Defendant Hertz Vehicles LLC (hereinafter "Hertz Vehicles"), is a Limited Liability Corporation registered in the State of Delaware and is doing business in the County of Cook, State of Illinois.

4.     Defendant Hertz Vehicle Financing LLC (hereinafter "Hertz Financing"), is a Limited Liability Corporation registered in the State of Delaware and is doing business in the County of Cook, State of Illinois.

5.     Defendant The Hertz Corporation (hereinafter "Hertz Corp"), is a Corporation registered in the State of Delaware and is doing business in the County of Cook, State of Illinois.

6.     Defendant Hertz Car Sales (hereinafter "Hertz Sales"), is a Corporation registered in the State of Delaware and is doing business in the County of Cook, State of Illinois.

7.     Defendant Rasier LLC (hereinafter "Rasier"), is a Limited Liability Corporation registered in the State of Delaware and is doing business in the County of Cook, State of Illinois.

8.     Defendant Uber Technologies, Inc. (hereinafter "Uber"), is a Corporation registered in the State of Delaware and is doing business in the County of Cook, State of Illinois.

9.     Defendant Anderson Martinez Colon a/k/a Anderson Martinez a/k/a Anderson Andy Martinez (hereinafter "Martinez"), is a resident of the County of Cook, State of Illinois.

10.    Defendant Syed Akhter a/k/a Syed Akhtar a/k/a Syed Nadeem Akhter Sr. a/k/a Syed Nadeem Akhtar Sr. a/k/a Syed Raza Akhter a/k/a Syed Raza Akhtar (hereinafter "Akhter"), is a resident of the County of Cook, State of Illinois.

FILED DATE: 4/23/2021 11:59 AM   2021L004231

11.     On or about April 27, 2019, Defendant Martinez was driving a motor vehicle, travelling northbound on LaSalle Street, near the intersection of LaSalle Street and Lake Street, in the City of Chicago, County of Cook, State of Illinois.

12.     At the aforementioned time and place, the Plaintiffs, David Muczynski and Amy Broucek, were passengers in Defendant Martinez's motor vehicle.

13.     At the aforementioned time and place, Defendant Akhter was driving a motor vehicle, traveling southbound on LaSalle Street when he attempted to turn left onto Lake Street, in front of Defendant Martinez.

14.     At the aforementioned time and place, Defendant Martinez' vehicle, in which Plaintiffs were passengers, violently struck Defendant Akhter's vehicle.

15.     The Plaintiffs at all relevant times herein were in the exercise of all due care for their own safety.

## COUNT I
## <u>MUCZYNSKI v. MARTINEZ</u>

16.     The Plaintiff David Muczynski (hereinafter "Muczynski") hereby adopts and re-alleges paragraphs 1-15 as though fully set forth herein.

17.     At said time and place, it was the duty of Defendant Martinez to own, operate, maintain, and/or control his motor vehicle in a manner so as not to negligently cause injury to persons lawfully on the public way, including Plaintiff Muczynski.

18.     Notwithstanding the foregoing duty, Defendant Martinez did own, operate, maintain, and/or control his motor vehicle in a dangerous and negligent manner in one or more of the following ways:

a)     failed to slow or stop when danger to the Plaintiff was imminent;

b)     operated his motor vehicle at a speed too great for conditions prevailing;

c)     operated his motor vehicle at a speed greater than what was reasonable and proper for the conditions then and there existing so as to endanger the Plaintiff

FILED DATE: 4/23/2021 11:59 AM   2021L004231

and others in violation of 625 ILCS 5/1-601;

d)      failed to keep a proper lookout;

e)      operated his motor vehicle while distracted;

f)      operated his motor vehicle while a television receiver, a video monitor, a television or video screen, or any other similar means of visually displaying a television broadcast or video signal that produces entertainment or business applications was operating and was located in the motor vehicle at any point forward of the back of the driver's seat, or was operating and visible to the driver while driving the motor vehicle in violation of 625 ILCS 5/12-604.1(a);

g)      failed to react in an appropriate manner to avoid striking Defendant Akhter's vehicle while Plaintiff was his passenger;

h)      struck Defendant Akhter's vehicle while the Plaintiff was his passenger; and

i)      was otherwise careless or negligent.

19.     As direct and proximate result of one or more of the foregoing acts of negligence, Defendant Martinez did violently collide with Defendant Akhter's vehicle while Plaintiff Muczynski was a passenger of Defendant Martinez' vehicle and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

a)      bodily injury;

b)      pain and suffering;

c)      mental suffering;

d)      medical expenses;

e)      loss of earnings and injury to earning capacity; and

f)      disability or loss of normal life.

WHEREFORE, the Plaintiff, David Muczynski, prays for judgment against the Defendant Anderson Martinez Colon a/k/a Anderson Martinez a/k/a Anderson Andy Martinez in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

FILED DATE: 4/23/2021 11:59 AM 2021L004231

**COUNT II**
**BROUCEK v. MARTINEZ**

20.    The Plaintiff Amy Broucek (hereinafter "Broucek") hereby adopts and re-alleges paragraphs 1-15 as though fully set forth herein.

21.    At said time and place, it was the duty of Defendant Martinez to own, operate, maintain, and/or control his motor vehicle in a manner so as not to negligently cause injury to persons lawfully on the public way, including the Plaintiff Broucek.

22.    Notwithstanding the foregoing duty, the Defendant Martinez did own, operate, maintain, and/or control his motor vehicle in a dangerous and negligent manner in one or more of the following ways:

   a)    failed to slow or stop when danger to the Plaintiff was imminent;

   b)    operated his motor vehicle at a speed too great for conditions prevailing;

   c)    operated his motor vehicle at a speed greater than what was reasonable and proper for the conditions then and there existing so as to endanger the Plaintiff and others in violation of 625 ILCS 5/1-601;

   d)    failed to keep a proper lookout;

   e)    operated his motor vehicle while distracted;

   f)    operated his motor vehicle while a television receiver, a video monitor, a television or video screen, or any other similar means of visually displaying a television broadcast or video signal that produces entertainment or business applications was operating and was located in the motor vehicle at any point forward of the back of the driver's seat, or was operating and visible to the driver while driving the motor vehicle in violation of 625 ILCS 5/12-604.1(a);

   g)    failed to react in an appropriate manner to avoid striking Defendant Akhter's vehicle while Plaintiff was his passenger;

   h)    struck Defendant Akhter's vehicle while the Plaintiff was his passenger; and

   i)    was otherwise careless or negligent.

23.    As direct and proximate result of one or more of the foregoing acts of negligence, Defendant Martinez did violently collide with Defendant Akhter's vehicle while the

FILED DATE: 4/23/2021 11:59 AM 2021L004231

Plaintiff Broucek was a passenger of Defendant Martinez' vehicle and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

a) bodily injury;

b) pain and suffering;

c) mental suffering;

d) medical expenses;

e) loss of earnings and injury to earning capacity; and

f) disability or loss of normal life.

WHEREFORE, the Plaintiff, Amy Broucek, prays for judgment against the Defendant Anderson Martinez Colon a/k/a Anderson Martinez a/k/a Anderson Andy Martinez in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

## COUNT III
## MUCZYNSKI v. AKHTER

24. The Plaintiff Muczynski hereby adopts and re-alleges paragraphs 1-15 as though fully set forth herein.

25. At said time and place, it was the duty of Defendant Akhter to own, operate, maintain, and/or control his motor vehicle in a manner so as not to negligently cause injury to persons lawfully on the public way, including Plaintiff Muczynski.

26. Notwithstanding the foregoing duty, Defendant Akhter did own, operate, maintain, and/or control his motor vehicle in a dangerous and negligent manner in one or more of the following ways:

a) failed to slow or stop when danger to the Plaintiff was imminent;

b) operated his motor vehicle at a speed too great for conditions prevailing;

c) operated his motor vehicle at a speed greater than what was reasonable and proper for the conditions then and there existing so as to endanger the person and others in violation of 625 ILCS 5/1-601;

d) failed to keep a proper lookout;

FILED DATE: 4/23/2021 11:59 AM 2021L004231

e)   operated his motor vehicle while distracted;

f)   failed to yield the right-of-way to a vehicle approaching from the opposite direction which was so close as to constitute an immediate hazard in violation of 625 ILCS 5/11-902; and,

g)   was otherwise careless or negligent.

27.   As direct and proximate result of one or more of the foregoing acts of negligence, Defendant Akhter's vehicle and Defendant Martinez's vehicle collided while the Plaintiff Muczynski was a passenger of Defendant Martinez' vehicle and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

a)   bodily injury;

b)   pain and suffering;

c)   mental suffering;

d)   medical expenses;

e)   loss of earnings and injury to earning capacity; and

f)   disability or loss of normal life.

WHEREFORE, the Plaintiff, David Muczynski, prays for judgment against the Defendant Syed Akhter a/k/a Syed Akhtar a/k/a Syed Nadeem Akhter Sr. a/k/a Syed Nadeem Akhtar Sr. a/k/a Syed Raza Akhter a/k/a Syed Raza Akhtar in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

## COUNT IV
## <u>BROUCEK v. AKHTER</u>

28.   The Plaintiff Broucek hereby adopts and re-alleges paragraphs 1-15 as though fully set forth herein.

29.   At said time and place, it was the duty of the Defendant Akhter to own, operate, maintain, and/or control his motor vehicle in a manner so as not to negligently cause injury to persons lawfully on the public way, including the Plaintiff Broucek.

30.   Notwithstanding the foregoing duty, the Defendant Akhter did own, operate, maintain, and/or control his motor vehicle in a dangerous and negligent manner in one or more of the following ways:

7

FILED DATE: 4/23/2021 11:59 AM   2021L004231

a)   failed to slow or stop when danger to the Plaintiff was imminent;

b)   operated his motor vehicle at a speed too great for conditions prevailing;

c)   operated his motor vehicle at a speed greater than what was reasonable and proper for the conditions then and there existing so as to endanger the person and others in violation of 625 ILCS 5/1-601;

d)   failed to keep a proper lookout;

e)   operated his motor vehicle while distracted;

h)   failed to yield the right-of-way to a vehicle approaching from the opposite direction which was so close as to constitute an immediate hazard in violation of 625 ILCS 5/11-902; and,

f)   was otherwise careless or negligent.

31.   As direct and proximate result of one or more of the foregoing acts of negligence, Defendant Akhter's vehicle and Defendant Martinez's vehicle collided while the Plaintiff Muczynski was a passenger of Defendant Martinez' vehicle and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

a)   bodily injury;

b)   pain and suffering;

c)   mental suffering;

d)   medical expenses;

e)   loss of earnings and injury to earning capacity; and

f)   disability or loss of normal life.

WHEREFORE, the Plaintiff, Amy Broucek, prays for judgment against the Defendant Syed Akhter a/k/a Syed Akhtar a/k/a Syed Nadeem Akhter Sr. a/k/a Syed Nadeem Akhtar Sr. a/k/a Syed Raza Akhter a/k/a Syed Raza Akhtar in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

FILED DATE: 4/23/2021 11:59 AM   2021L004231

**COUNT V**
**MUCZYNSKI v. LYFT – respondeat superior**

32.   The Plaintiff Muczynski hereby adopts and re-alleges paragraphs 1-15 as though fully set forth herein.

33.   At said time and place, Defendant Martinez was an employee and/or agent of Defendant Lyft and was acting within the scope of his employment and/or agency with Defendant Lyft.

34.   At said time and place, Defendant, Lyft, by and through its agent and/or employee Martinez, had a duty to own, operate, maintain, and/or control its motor vehicle in a manner so as not to negligently cause injury to persons lawfully on the public way, including the Plaintiff Muczynski.

35.   Notwithstanding the foregoing duty, Defendant Lyft, by and through its agent and/or employee Defendant Martinez, did own, operate, maintain, and/or control its motor vehicle in a dangerous and negligent manner in one or more of the following ways:

   a)   failed to slow or stop when danger to the Plaintiff was imminent;

   b)   operated a motor vehicle at a speed too great for conditions prevailing;

   c)   operated a motor vehicle at a speed greater than what was reasonable and proper for the conditions then and there existing so as to endanger the Plaintiff and others in violation of 625 ILCS 5/1-601;

   d)   failed to keep a proper lookout;

   e)   operated a motor vehicle while distracted;

   f)   operated a motor vehicle while a television receiver, a video monitor, a television or video screen, or any other similar means of visually displaying a television broadcast or video signal that produces entertainment or business applications was operating and was located in the motor vehicle at any point forward of the back of the driver's seat, or was operating and visible to the driver while driving the motor vehicle in violation of 625 ILCS 5/12-604.1(a);

FILED DATE: 4/23/2021 11:59 AM   2021L004231

g)     failed to react in an appropriate manner to avoid striking Defendant Akhter's vehicle while Plaintiff was Defendant Martinez's passenger;

j)     struck Defendant Akhter's vehicle while the Plaintiff was Defendant Martinez's passenger; and,

h)     was otherwise careless or negligent.

36.    As direct and proximate result of one or more of the foregoing acts of negligence, Defendant Lyft, by and through its agent and/or employee Defendant Martinez, did violently collide with Defendant Akhter's vehicle while Plaintiff Muczynski was a passenger of Defendant Martinez' vehicle and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

a)     bodily injury;

b)     pain and suffering;

c)     mental suffering;

d)     medical expenses;

e)     loss of earnings and injury to earning capacity; and,

f)     disability or loss of normal life.

WHEREFORE, the Plaintiff, David Muczynski, prays for judgment against the Defendant, Lyft, Inc., in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

### COUNT VI
### MUCZYNSKI v. LYFT – negligent retention

37.    Plaintiff Muczynski hereby adopts and re-alleges paragraphs 1-15 as though fully set forth herein.

38.    At said time and place, Defendant Martinez was an employee and/or agent of Defendant Lyft and was acting within the scope of his employment and/or agency with Defendant Lyft and with Defendant Lyft's permission.

FILED DATE: 4/23/2021 11:59 AM    2021L004231

39.   At all times relevant, Defendant Lyft knew or should have known that Defendant Martinez was unfit to operate a motor vehicle while transporting passengers specifically because Defendant Lyft knew or should have known that Defendant Martinez was operating a motor vehicle and transporting passengers while a television receiver, a video monitor, a television or video screen, or any other similar means of visually displaying a television broadcast or video signal that produces entertainment or business applications was operating and was located in the motor vehicle at any point forward of the back of the driver's seat, or was operating and visible to Defendant Martinez while driving the motor vehicle in violation of 625 ILCS 5/12-604.1(a), and while Defendant Martinez was acting within the scope of his employment and/or agency with Defendant Lyft.

40.   As direct and proximate result of Defendant Martinez's said unfitness to operate a motor vehicle while transporting passengers, Defendant Martinez, did violently collide with Defendant Akhter's vehicle while Plaintiff Muczynski was a passenger of Defendant Martinez' vehicle and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

a)     bodily injury;

b)     pain and suffering;

c)     mental suffering;

d)     medical expenses;

e)     loss of earnings and injury to earning capacity; and,

f)     disability or loss of normal life.

WHEREFORE, the Plaintiff, David Muczynski, prays for judgment against the Defendant, Lyft, Inc., in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

FILED DATE: 4/23/2021 11:59 AM    2021L004231

## COUNT VII
## BROUCEK v. LYFT– respondeat superior

41.    The Plaintiff Broucek hereby adopts and re-alleges paragraphs 1-15 as though fully set forth herein.

42.    At said time and place, Defendant Martinez was an employee and/or agent of Defendant Lyft and was acting within the scope of his employment and/or agency with Defendant Lyft.

43.    At said time and place, Defendant, Lyft, by and through its agent and/or employee Martinez, had a duty to own, operate, maintain, and/or control its motor vehicle in a manner so as not to negligently cause injury to persons lawfully on the public way, including the Plaintiff Muczynski.

44.    Notwithstanding the foregoing duty, Defendant Lyft, by and through its agent and/or employee Defendant Martinez, did own, operate, maintain, and/or control its motor vehicle in a dangerous and negligent manner in one or more of the following ways:

a)    failed to slow or stop when danger to the Plaintiff was imminent;

b)    operated a motor vehicle at a speed too great for conditions prevailing;

c)    operated a motor vehicle at a speed greater than what was reasonable and proper for the conditions then and there existing so as to endanger the Plaintiff and others in violation of 625 ILCS 5/1-601;

d)    failed to keep a proper lookout;

e)    operated a motor vehicle while distracted;

f)    operated a motor vehicle while a television receiver, a video monitor, a television or video screen, or any other similar means of visually displaying a television broadcast or video signal that produces entertainment or business applications was operating and was located in the motor vehicle at any point forward of the back of the driver's seat, or was operating and visible to the driver while driving the motor vehicle in violation of 625 ILCS 5/12-604.1(a);

FILED DATE: 4/23/2021 11:59 AM    2021L004231

g)    failed to react in an appropriate manner to avoid striking Defendant Akhter's vehicle while Plaintiff was Defendant Martinez's passenger;

k)    struck Defendant Akhter's vehicle while the Plaintiff was Defendant Martinez's passenger; and,

h)    was otherwise careless or negligent.

45.    As direct and proximate result of one or more of the foregoing acts of negligence, Defendant Lyft, by and through its agent and/or employee Defendant Martinez, did violently collide with Defendant Akhter's vehicle while Plaintiff Broucek was a passenger of Defendant Martinez' vehicle and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

a)    bodily injury;

b)    pain and suffering;

c)    mental suffering;

d)    medical expenses;

e)    loss of earnings and injury to earning capacity; and,

f)    disability or loss of normal life.

WHEREFORE, the Plaintiff, Amy Broucek, prays for judgment against the Defendant, Lyft, Inc., in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

### COUNT VIII
### BROUCEK v. LYFT – negligent retention

46.    Plaintiff Broucek hereby adopts and re-alleges paragraphs 1-15 as though fully set forth herein.

47.    At said time and place, Defendant Martinez was an employee and/or agent of Defendant Lyft and was acting within the scope of his employment and/or agency with Defendant Lyft and with Defendant Lyft's permission.

FILED DATE: 4/23/2021 11:59 AM   2021L004231

48.   At all times relevant, Defendant Lyft knew or should have known that Defendant Martinez was unfit to operate a motor vehicle while transporting passengers specifically because Defendant Lyft knew or should have known that Defendant Martinez was operating a motor vehicle and transporting passengers while a television receiver, a video monitor, a television or video screen, or any other similar means of visually displaying a television broadcast or video signal that produces entertainment or business applications was operating and was located in the motor vehicle at any point forward of the back of the driver's seat, or was operating and visible to Defendant Martinez while driving the motor vehicle in violation of 625 ILCS 5/12-604.1(a), and while Defendant Martinez was acting within the scope of his employment and/or agency with Defendant Lyft.

49.   As direct and proximate result of Defendant Martinez's said unfitness to operate a motor vehicle while transporting passengers, Defendant Martinez, did violently collide with Defendant Akhter's vehicle while Plaintiff Broucek was a passenger of Defendant Martinez' vehicle and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

a)   bodily injury;

b)   pain and suffering;

c)   mental suffering;

d)   medical expenses;

e)   loss of earnings and injury to earning capacity; and,

f)   disability or loss of normal life.

WHEREFORE, the Plaintiff, Amy Broucek, prays for judgment against the Defendant, Lyft, Inc., in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

FILED DATE: 4/23/2021 11:59 AM   2021L004231

**COUNT IX**
**<u>MUCZYNSKI v. LYFT ILLINOIS -respondeat superior</u>**

50.    The Plaintiff Muczynski hereby adopts and re-alleges paragraphs 1-15 as though fully
set forth herein.

51.    At said time and place, Defendant Martinez was an employee and/or agent of
Defendant Lyft Illinois and was acting within the scope of his employment and/or
agency with Defendant Lyft Illinois.

52.    At said time and place, Defendant, Lyft Illinois, by and through its agent and/or
employee Martinez, had a duty to own, operate, maintain, and/or control its motor
vehicle in a manner so as not to negligently cause injury to persons lawfully on the
public way, including the Plaintiff Muczynski.

53.    Notwithstanding the foregoing duty, Defendant Lyft Illinois, by and through its agent
and/or employee Defendant Martinez, did own, operate, maintain, and/or control its
motor vehicle in a dangerous and negligent manner in one or more of the following
ways:

a)    failed to slow or stop when danger to the Plaintiff was imminent;

b)    operated a motor vehicle at a speed too great for conditions prevailing;

c)    operated a motor vehicle at a speed greater than what was reasonable and
proper for the conditions then and there existing so as to endanger the Plaintiff
and others in violation of 625 ILCS 5/1-601;

d)    failed to keep a proper lookout;

e)    operated a motor vehicle while distracted;

f)    operated a motor vehicle while a television receiver, a video monitor, a
television or video screen, or any other similar means of visually displaying a
television broadcast or video signal that produces entertainment or business
applications was operating and was located in the motor vehicle at any point
forward of the back of the driver's seat, or was operating and visible to the
driver while driving the motor vehicle in violation of 625 ILCS 5/12-604.1(a);

FILED DATE: 4/23/2021 11:59 AM  2021L004231

g)    failed to react in an appropriate manner to avoid striking Defendant Akhter's vehicle while Plaintiff was Defendant Martinez's passenger;

l)    struck Defendant Akhter's vehicle while the Plaintiff was Defendant Martinez's passenger; and,

h)    was otherwise careless or negligent.

54.    As direct and proximate result of one or more of the foregoing acts of negligence, Defendant Lyft Illinois, by and through its agent and/or employee Defendant Martinez, did violently collide with Defendant Akhter's vehicle while Plaintiff Muczynski was a passenger of Defendant Martinez' vehicle and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

a)    bodily injury;

b)    pain and suffering;

c)    mental suffering;

d)    medical expenses;

e)    loss of earnings and injury to earning capacity; and,

f)    disability or loss of normal life.

WHEREFORE, the Plaintiff, David Muczynski, prays for judgment against the Defendant, Lyft Illinois, Inc., in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

**COUNT X**
**MUCZYNSKI v. LYFT ILLINOIS – negligent retention**

55.    Plaintiff Muczynski hereby adopts and re-alleges paragraphs 1-15 as though fully set forth herein.

56.    At said time and place, Defendant Martinez was an employee and/or agent of Defendant Lyft Illinois and was acting within the scope of his employment and/or agency with Defendant Lyft Illinois and with Defendant Lyft Illinois' permission.

FILED DATE: 4/23/2021 11:59 AM   2021L004231

57.   At all times relevant, Defendant Lyft Illinois knew or should have known that Defendant Martinez was unfit to operate a motor vehicle while transporting passengers specifically because Defendant Lyft Illinois knew or should have known that Defendant Martinez was operating a motor vehicle and transporting passengers while a television receiver, a video monitor, a television or video screen, or any other similar means of visually displaying a television broadcast or video signal that produces entertainment or business applications was operating and was located in the motor vehicle at any point forward of the back of the driver's seat, or was operating and visible to Defendant Martinez while driving the motor vehicle in violation of 625 ILCS 5/12-604.1(a), and while Defendant Martinez was acting within the scope of his employment and/or agency with Defendant Lyft Illinois.

58.   As direct and proximate result of Defendant Martinez's said unfitness to operate a motor vehicle while transporting passengers, Defendant Martinez, did violently collide with Defendant Akhter's vehicle while Plaintiff Muczynski was a passenger of Defendant Martinez' vehicle and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

a)   bodily injury;

b)   pain and suffering;

c)   mental suffering;

d)   medical expenses;

e)   loss of earnings and injury to earning capacity; and,

f)   disability or loss of normal life.

WHEREFORE, the Plaintiff, David Muczynski, prays for judgment against the Defendant, Lyft Illinois, Inc., in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

FILED DATE: 4/23/2021 11:59 AM    2021L004231

**COUNT XI**
**BROUCEK v. LYFT ILLINOIS – respondeat superior**

59.   The Plaintiff Broucek hereby adopts and re-alleges paragraphs 1-15 as though fully set forth herein.

60.   At said time and place, Defendant Martinez was an employee and/or agent of Defendant Lyft Illinois and was acting within the scope of his employment and/or agency with Defendant Lyft Illinois.

61.   At said time and place, Defendant, Lyft Illinois, by and through its agent and/or employee Martinez, had a duty to own, operate, maintain, and/or control its motor vehicle in a manner so as not to negligently cause injury to persons lawfully on the public way, including the Plaintiff Broucek.

62.   Notwithstanding the foregoing duty, Defendant Lyft Illinois, by and through its agent and/or employee Defendant Martinez, did own, operate, maintain, and/or control its motor vehicle in a dangerous and negligent manner in one or more of the following ways:

  a)   failed to slow or stop when danger to the Plaintiff was imminent;

  b)   operated a motor vehicle at a speed too great for conditions prevailing;

  c)   operated a motor vehicle at a speed greater than what was reasonable and proper for the conditions then and there existing so as to endanger the Plaintiff and others in violation of 625 ILCS 5/1-601;

  d)   failed to keep a proper lookout;

  e)   operated a motor vehicle while distracted;

  f)   operated a motor vehicle while a television receiver, a video monitor, a television or video screen, or any other similar means of visually displaying a television broadcast or video signal that produces entertainment or business applications was operating and was located in the motor vehicle at any point forward of the back of the driver's seat, or was operating and visible to the driver while driving the motor vehicle in violation of 625 ILCS 5/12-604.1(a);

FILED DATE: 4/23/2021 11:59 AM 2021L004231

g)     failed to react in an appropriate manner to avoid striking Defendant Akhter's vehicle while Plaintiff was Defendant Martinez's passenger;

m)     struck Defendant Akhter's vehicle while the Plaintiff was Defendant Martinez's passenger; and,

h)     was otherwise careless or negligent.

63.     As direct and proximate result of one or more of the foregoing acts of negligence, Defendant Lyft Illinois, by and through its agent and/or employee Defendant Martinez, did violently collide with Defendant Akhter's vehicle while Plaintiff Broucek was a passenger of Defendant Martinez' vehicle and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

a)     bodily injury;

b)     pain and suffering;

c)     mental suffering;

d)     medical expenses;

e)     loss of earnings and injury to earning capacity; and,

f)     disability or loss of normal life.

WHEREFORE, the Plaintiff, Amy Broucek, prays for judgment against the Defendant, Lyft Illinois, Inc., in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

## COUNT XII
## BROUCEK v. LYFT ILLINOIS – negligent retention

64.     Plaintiff Broucek hereby adopts and re-alleges paragraphs 1-15 as though fully set forth herein.

65.     At said time and place, Defendant Martinez was an employee and/or agent of Defendant Lyft Illinois and was acting within the scope of his employment and/or agency with Defendant Lyft Illinois and with Defendant Lyft Illinois' permission.

19

FILED DATE: 4/23/2021 11:59 AM    2021L004231

66. At all times relevant, Defendant Lyft Illinois knew or should have known that Defendant Martinez was unfit to operate a motor vehicle while transporting passengers specifically because Defendant Lyft Illinois knew or should have known that Defendant Martinez was operating a motor vehicle and transporting passengers while a television receiver, a video monitor, a television or video screen, or any other similar means of visually displaying a television broadcast or video signal that produces entertainment or business applications was operating and was located in the motor vehicle at any point forward of the back of the driver's seat, or was operating and visible to Defendant Martinez while driving the motor vehicle in violation of 625 ILCS 5/12-604.1(a), and while Defendant Martinez was acting within the scope of his employment and/or agency with Defendant Lyft Illinois.

67. As direct and proximate result of Defendant Martinez's said unfitness to operate a motor vehicle while transporting passengers, Defendant Martinez, did violently collide with Defendant Akhter's vehicle while Plaintiff Broucek was a passenger of Defendant Martinez' vehicle and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

    a)    bodily injury;

    b)    pain and suffering;

    c)    mental suffering;

    d)    medical expenses;

    e)    loss of earnings and injury to earning capacity; and,

    f)    disability or loss of normal life.

WHEREFORE, the Plaintiff, Amy Broucek, prays for judgment against the Defendant, Lyft Illinois, Inc., in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

FILED DATE: 4/23/2021 11:59 AM   2021L004231

**COUNT XIII**
**MUCZYNSKI v. HERTZ VEHICLES – respondeat superior**

68.     The Plaintiff Muczynski hereby adopts and re-alleges paragraphs 1-15 as though fully set forth herein.

69.     At said time and place, Defendant Martinez was an employee and/or agent of Defendant Hertz Vehicles and was acting within the scope of his employment and/or agency with Defendant Hertz Vehicles.

70.     At said time and place, Defendant, Hertz Vehicles, by and through its agent and/or employee Martinez, had a duty to own, operate, maintain, and/or control its motor vehicle in a manner so as not to negligently cause injury to persons lawfully on the public way, including the Plaintiff Muczynski.

71.     Notwithstanding the foregoing duty, Defendant Hertz Vehicles, by and through its agent and/or employee Defendant Martinez, did own, operate, maintain, and/or control its motor vehicle in a dangerous and negligent manner in one or more of the following ways:

   a)      failed to slow or stop when danger to the Plaintiff was imminent;

   b)      operated a motor vehicle at a speed too great for conditions prevailing;

   c)      operated a motor vehicle at a speed greater than what was reasonable and proper for the conditions then and there existing so as to endanger the Plaintiff and others in violation of 625 ILCS 5/1-601;

   d)      failed to keep a proper lookout;

   e)      operated a motor vehicle while distracted;

   f)      operated a motor vehicle while a television receiver, a video monitor, a television or video screen, or any other similar means of visually displaying a television broadcast or video signal that produces entertainment or business applications was operating and was located in the motor vehicle at any point forward of the back of the driver's seat, or was operating and visible to the driver while driving the motor vehicle in violation of 625 ILCS 5/12-604.1(a);

21

FILED DATE: 4/23/2021 11:59 AM   2021L004231

g)   failed to react in an appropriate manner to avoid striking Defendant Akhter's vehicle while Plaintiff was Defendant Martinez's passenger;

n)   struck Defendant Akhter's vehicle while the Plaintiff was Defendant Martinez's passenger; and,

h)   was otherwise careless or negligent.

72.   As direct and proximate result of one or more of the foregoing acts of negligence, Defendant Hertz Vehicles, by and through its agent and/or employee Defendant Martinez, did violently collide with Defendant Akhter's vehicle while Plaintiff Muczynski was a passenger of Defendant Martinez' vehicle and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

a)   bodily injury;

b)   pain and suffering;

c)   mental suffering;

d)   medical expenses;

e)   loss of earnings and injury to earning capacity; and,

f)   disability or loss of normal life.

WHEREFORE, the Plaintiff, David Muczynski, prays for judgment against the Defendant, Hertz Vehicles LLC, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

### COUNT XIV
### MUCZYNSKI v. HERTZ VEHICLES – negligent retention

73.   Plaintiff Muczynski hereby adopts and re-alleges paragraphs 1-15 as though fully set forth herein.

74.   At said time and place, Defendant Martinez was an employee and/or agent of Defendant Hertz Vehicles and was acting within the scope of his employment and/or agency with Defendant Hertz Vehicles and with Defendant Hertz Vehicles' permission.

FILED DATE: 4/23/2021 11:59 AM   2021L004231

75. At all times relevant, Defendant Hertz Vehicles knew or should have known that Defendant Martinez was unfit to operate a motor vehicle while transporting passengers specifically because Defendant Hertz Vehicles knew or should have known that Defendant Martinez was operating a motor vehicle and transporting passengers while a television receiver, a video monitor, a television or video screen, or any other similar means of visually displaying a television broadcast or video signal that produces entertainment or business applications was operating and was located in the motor vehicle at any point forward of the back of the driver's seat, or was operating and visible to Defendant Martinez while driving the motor vehicle in violation of 625 ILCS 5/12-604.1(a), and while Defendant Martinez was acting within the scope of his employment and/or agency with Defendant Hertz Vehicles.

76. As direct and proximate result of Defendant Martinez's said unfitness to operate a motor vehicle while transporting passengers, Defendant Martinez, did violently collide with Defendant Akhter's vehicle while Plaintiff Muczynski was a passenger of Defendant Martinez' vehicle and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

   a)   bodily injury;

   b)   pain and suffering;

   c)   mental suffering;

   d)   medical expenses;

   e)   loss of earnings and injury to earning capacity; and,

   f)   disability or loss of normal life.

   WHEREFORE, the Plaintiff, David Muczynski, prays for judgment against the Defendant, Hertz Vehicles LLC, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

FILED DATE: 4/23/2021 11:59 AM   2021L004231

**COUNT XV**
**<u>MUCZYNSKI v. HERTZ VEHICLES – negligent entrustment</u>**

77.   Plaintiff Muczynski hereby adopts and re-alleges paragraphs 1-15 as though fully set forth herein.

78.   At all times relevant, Defendant Hertz Vehicles owned the vehicle being operated by Defendant Martinez.

79.   At all times relevant, Defendant Hertz Vehicles entrusted its vehicle to Defendant Martinez and gave him express or implied permission to operate its vehicle to transport passengers.

80.   At all times relevant, Defendant Hertz Vehicles knew or should have known that Defendant Martinez intended or was likely to operate its vehicle in such a manner as to create an unreasonable risk of harm to others including the Plaintiff, specifically because Defendant Hertz Vehicles knew or should have known that Defendant Martinez was operating or was likely to operate its motor vehicle to transport passengers while a television receiver, a video monitor, a television or video screen, or any other similar means of visually displaying a television broadcast or video signal that produces entertainment or business applications was operating and was located in the motor vehicle at any point forward of the back of the driver's seat, or was operating and visible to Defendant Martinez while driving the motor vehicle in violation of 625 ILCS 5/12-604.1(a).

81.   As direct and proximate result of Defendant Hertz Vehicles' said entrustment of its vehicle to Defendant Martinez, Plaintiff Muczynski did suffer the following past, present, and future loss and damage:

    a)    bodily injury;

    b)    pain and suffering;

    c)    mental suffering;

FILED DATE: 4/23/2021 11:59 AM    2021L004231

d)    medical expenses;

e)    loss of earnings and injury to earning capacity; and,

f)    disability or loss of normal life.

WHEREFORE, the Plaintiff, David Muczynski, prays for judgment against the Defendant, Hertz Vehicles LLC, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

## COUNT XVI
## BROUCEK v. HERTZ VEHICLES – respondeat superior

82.    The Plaintiff Broucek hereby adopts and re-alleges paragraphs 1-15 as though fully set forth herein.

83.    At said time and place, Defendant Martinez was an employee and/or agent of Defendant Hertz Vehicles and was acting within the scope of his employment and/or agency with Defendant Hertz Vehicles.

84.    At said time and place, Defendant, Hertz Vehicles, by and through its agent and/or employee Martinez, had a duty to own, operate, maintain, and/or control its motor vehicle in a manner so as not to negligently cause injury to persons lawfully on the public way, including the Plaintiff Broucek.

85.    Notwithstanding the foregoing duty, Defendant Hertz Vehicles, by and through its agent and/or employee Defendant Martinez, did own, operate, maintain, and/or control its motor vehicle in a dangerous and negligent manner in one or more of the following ways:

a)    failed to slow or stop when danger to the Plaintiff was imminent;

b)    operated a motor vehicle at a speed too great for conditions prevailing;

c)    operated a motor vehicle at a speed greater than what was reasonable and proper for the conditions then and there existing so as to endanger the Plaintiff and others in violation of 625 ILCS 5/1-601;

FILED DATE: 4/23/2021 11:59 AM   2021L004231

d)   failed to keep a proper lookout;

e)   operated a motor vehicle while distracted;

f)   operated a motor vehicle while a television receiver, a video monitor, a television or video screen, or any other similar means of visually displaying a television broadcast or video signal that produces entertainment or business applications was operating and was located in the motor vehicle at any point forward of the back of the driver's seat, or was operating and visible to the driver while driving the motor vehicle in violation of 625 ILCS 5/12-604.1(a);

g)   failed to react in an appropriate manner to avoid striking Defendant Akhter's vehicle while Plaintiff was Defendant Martinez's passenger;

o)   struck Defendant Akhter's vehicle while the Plaintiff was Defendant Martinez's passenger; and,

h)   was otherwise careless or negligent.

86.   As direct and proximate result of one or more of the foregoing acts of negligence, Defendant Hertz Vehicles, by and through its agent and/or employee Defendant Martinez, did violently collide with Defendant Akhter's vehicle while Plaintiff Broucek was a passenger of Defendant Martinez' vehicle and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

a)   bodily injury;

b)   pain and suffering;

c)   mental suffering;

d)   medical expenses;

e)   loss of earnings and injury to earning capacity; and,

f)   disability or loss of normal life.

WHEREFORE, the Plaintiff, Amy Broucek, prays for judgment against the Defendant, Hertz Vehicles LLC, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

FILED DATE: 4/23/2021 11:59 AM  2021L004231

**COUNT XVII**
**BROUCEK v. HERTZ VEHICLES – negligent retention**

87. Plaintiff Broucek hereby adopts and re-alleges paragraphs 1-15 as though fully set forth herein.

88. At said time and place, Defendant Martinez was an employee and/or agent of Defendant Hertz Vehicles Illinois and was acting within the scope of his employment and/or agency with Defendant Hertz Vehicles and with Defendant Hertz Vehicles' permission.

89. At all times relevant, Defendant Hertz Vehicles knew or should have known that Defendant Martinez was unfit to operate a motor vehicle while transporting passengers specifically because Defendant Hertz Vehicles knew or should have known that Defendant Martinez was operating a motor vehicle and transporting passengers while a television receiver, a video monitor, a television or video screen, or any other similar means of visually displaying a television broadcast or video signal that produces entertainment or business applications was operating and was located in the motor vehicle at any point forward of the back of the driver's seat, or was operating and visible to Defendant Martinez while driving the motor vehicle in violation of 625 ILCS 5/12-604.1(a), and while Defendant Martinez was acting within the scope of his employment and/or agency with Defendant Hertz Vehicles.

90. As direct and proximate result of Defendant Martinez's said unfitness to operate a motor vehicle while transporting passengers, Defendant Martinez, did violently collide with Defendant Akhter's vehicle while Plaintiff Broucek was a passenger of Defendant Martinez' vehicle and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

a) bodily injury;

b) pain and suffering;

c) mental suffering;

FILED DATE: 4/23/2021 11:59 AM   2021L004231

d)    medical expenses;

e)    loss of earnings and injury to earning capacity; and,

f)    disability or loss of normal life.

WHEREFORE, the Plaintiff, Amy Broucek, prays for judgment against the Defendant, Hertz Vehicles LLC, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

## COUNT XVIII
## BROUCEK v. HERTZ VEHICLES– negligent entrustment

91.    Plaintiff Broucek hereby adopts and re-alleges paragraphs 1-15 as though fully set forth herein.

92.    At all times relevant, Defendant Hertz Vehicles owned the vehicle being operated by Defendant Martinez.

93.    At all times relevant, Defendant Hertz Vehicles entrusted its vehicle to Defendant Martinez and gave him express or implied permission to operate its vehicle to transport passengers.

94.    At all times relevant, Defendant Hertz Vehicles knew or should have known that Defendant Martinez intended or was likely to operate its vehicle in such a manner as to create an unreasonable risk of harm to others including the Plaintiff, specifically because Defendant Hertz Vehicles knew or should have known that Defendant Martinez was operating or was likely to operate its motor vehicle to transport passengers while a television receiver, a video monitor, a television or video screen, or any other similar means of visually displaying a television broadcast or video signal that produces entertainment or business applications was operating and was located in the motor vehicle at any point forward of the back of the driver's seat, or was operating and visible to Defendant Martinez while driving the motor vehicle in violation of 625 ILCS 5/12-604.1(a).

95.    As direct and proximate result of Defendant Hertz Vehicles' said entrustment of its

28

vehicle to Defendant Martinez, Plaintiff Broucek did suffer the following past, present, and future loss and damage:

a)      bodily injury;

b)      pain and suffering;

c)      mental suffering;

d)      medical expenses;

e)      loss of earnings and injury to earning capacity; and,

f)      disability or loss of normal life.

WHEREFORE, the Plaintiff, Amy Broucek, prays for judgment against the Defendant, Hertz Vehicles LLC, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

**COUNT XIX**
**MUCZYNSKI v. HERTZ FINANCING – respondeat superior**

96.     The Plaintiff Muczynski hereby adopts and re-alleges paragraphs 1-15 as though fully set forth herein.

97.     At said time and place, Defendant Martinez was an employee and/or agent of Defendant Hertz Financing and was acting within the scope of his employment and/or agency with Defendant Hertz Financing.

98.     At said time and place, Defendant, Hertz Financing, by and through its agent and/or employee Martinez, had a duty to own, operate, maintain, and/or control its motor vehicle in a manner so as not to negligently cause injury to persons lawfully on the public way, including the Plaintiff Muczynski.

99.     Notwithstanding the foregoing duty, Defendant Hertz Financing, by and through its agent and/or employee Defendant Martinez, did own, operate, maintain, and/or control its motor vehicle in a dangerous and negligent manner in one or more of the following ways:

FILED DATE: 4/23/2021 11:59 AM  2021L004231

FILED DATE: 4/23/2021 11:59 AM   2021L004231

a)    failed to slow or stop when danger to the Plaintiff was imminent;

b)    operated a motor vehicle at a speed too great for conditions prevailing;

c)    operated a motor vehicle at a speed greater than what was reasonable and proper for the conditions then and there existing so as to endanger the Plaintiff and others in violation of 625 ILCS 5/1-601;

d)    failed to keep a proper lookout;

e)    operated a motor vehicle while distracted;

f)    operated a motor vehicle while a television receiver, a video monitor, a television or video screen, or any other similar means of visually displaying a television broadcast or video signal that produces entertainment or business applications was operating and was located in the motor vehicle at any point forward of the back of the driver's seat, or was operating and visible to the driver while driving the motor vehicle in violation of 625 ILCS 5/12-604.1(a);

g)    failed to react in an appropriate manner to avoid striking Defendant Akhter's vehicle while Plaintiff was Defendant Martinez's passenger;

p)    struck Defendant Akhter's vehicle while the Plaintiff was Defendant Martinez's passenger; and,

h)    was otherwise careless or negligent.

100.  As direct and proximate result of one or more of the foregoing acts of negligence, Defendant Hertz Financing, by and through its agent and/or employee Defendant Martinez, did violently collide with Defendant Akhter's vehicle while Plaintiff Muczynski was a passenger of Defendant Martinez' vehicle and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

a)    bodily injury;

b)    pain and suffering;

c)    mental suffering;

d)    medical expenses;

e)    loss of earnings and injury to earning capacity; and,

f)    disability or loss of normal life.

FILED DATE: 4/23/2021 11:59 AM   2021L004231

WHEREFORE, the Plaintiff, David Muczynski, prays for judgment against the Defendant, Hertz Vehicle Financing LLC, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

## COUNT XX
### MUCZYNSKI v. HERTZ FINANCING – negligent retention

101.   Plaintiff Muczynski hereby adopts and re-alleges paragraphs 1-15 as though fully set forth herein.

102.   At said time and place, Defendant Martinez was an employee and/or agent of Defendant Hertz Financing and was acting within the scope of his employment and/or agency with Defendant Hertz Financing and with Defendant Hertz Financing's permission.

103.   At all times relevant, Defendant Hertz Financing knew or should have known that Defendant Martinez was unfit to operate a motor vehicle while transporting passengers specifically because Defendant Hertz Financing knew or should have known that Defendant Martinez was operating a motor vehicle and transporting passengers while a television receiver, a video monitor, a television or video screen, or any other similar means of visually displaying a television broadcast or video signal that produces entertainment or business applications was operating and was located in the motor vehicle at any point forward of the back of the driver's seat, or was operating and visible to Defendant Martinez while driving the motor vehicle in violation of 625 ILCS 5/12-604.1(a), and while Defendant Martinez was acting within the scope of his employment and/or agency with Defendant Hertz Financing.

104.   As direct and proximate result of Defendant Martinez's said unfitness to operate a motor vehicle while transporting passengers, Defendant Martinez, did violently collide with Defendant Akhter's vehicle while Plaintiff Muczynski was a passenger of Defendant Martinez' vehicle and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

FILED DATE: 4/23/2021 11:59 AM   2021L004231

a)      bodily injury;

b)      pain and suffering;

c)      mental suffering;

d)      medical expenses;

e)      loss of earnings and injury to earning capacity; and,

f)      disability or loss of normal life.

WHEREFORE, the Plaintiff, David Muczynski, prays for judgment against the Defendant, Hertz Vehicle Financing LLC, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

## COUNT XXI
## MUCZYNSKI v. HERTZ FINANCING – negligent entrustment

105.   Plaintiff Muczynski hereby adopts and re-alleges paragraphs 1-15 as though fully set forth herein.

106.   At all times relevant, Defendant Hertz Financing owned the vehicle being operated by Defendant Martinez.

107.   At all times relevant, Defendant Hertz Financing entrusted its vehicle to Defendant Martinez and gave him express or implied permission to operate its vehicle to transport passengers.

108.   At all times relevant, Defendant Hertz Financing knew or should have known that Defendant Martinez intended or was likely to operate its vehicle in such a manner as to create an unreasonable risk of harm to others including the Plaintiff, specifically because Defendant Hertz Financing knew or should have known that Defendant Martinez was operating or was likely to operate its motor vehicle to transport passengers while a television receiver, a video monitor, a television or video screen, or any other similar means of visually displaying a television broadcast or video signal that produces entertainment or business applications was operating and was located

32

FILED DATE: 4/23/2021 11:59 AM   2021L004231

in the motor vehicle at any point forward of the back of the driver's seat, or was operating and visible to Defendant Martinez while driving the motor vehicle in violation of 625 ILCS 5/12-604.1(a).

109.    As direct and proximate result of Defendant Hertz Financing's said entrustment of its vehicle to Defendant Martinez, Plaintiff Muczynski did suffer the following past, present, and future loss and damage:

    a)    bodily injury;

    b)    pain and suffering;

    c)    mental suffering;

    d)    medical expenses;

    e)    loss of earnings and injury to earning capacity; and,

    f)    disability or loss of normal life.

WHEREFORE, the Plaintiff, David Muczynski, prays for judgment against the Defendant, Hertz Vehicle Financing LLC, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

### COUNT XXII
### BROUCEK v. HERTZ FINANCING – respondeat superior

110.    The Plaintiff Broucek hereby adopts and re-alleges paragraphs 1-15 as though fully set forth herein.

111.    At said time and place, Defendant Martinez was an employee and/or agent of Defendant Hertz Financing and was acting within the scope of his employment and/or agency with Defendant Hertz Financing.

112.    At said time and place, Defendant, Hertz Financing, by and through its agent and/or employee Martinez, had a duty to own, operate, maintain, and/or control its motor vehicle in a manner so as not to negligently cause injury to persons lawfully on the public way, including the Plaintiff Broucek.

FILED DATE: 4/23/2021 11:59 AM  2021L004231

113.    Notwithstanding the foregoing duty, Defendant Hertz Financing, by and through its agent and/or employee Defendant Martinez, did own, operate, maintain, and/or control its motor vehicle in a dangerous and negligent manner in one or more of the following ways:

    a)      failed to slow or stop when danger to the Plaintiff was imminent;

    b)      operated a motor vehicle at a speed too great for conditions prevailing;

    c)      operated a motor vehicle at a speed greater than what was reasonable and proper for the conditions then and there existing so as to endanger the Plaintiff and others in violation of 625 ILCS 5/1-601;

    d)      failed to keep a proper lookout;

    e)      operated a motor vehicle while distracted;

    f)      operated a motor vehicle while a television receiver, a video monitor, a television or video screen, or any other similar means of visually displaying a television broadcast or video signal that produces entertainment or business applications was operating and was located in the motor vehicle at any point forward of the back of the driver's seat, or was operating and visible to the driver while driving the motor vehicle in violation of 625 ILCS 5/12-604.1(a);

    g)      failed to react in an appropriate manner to avoid striking Defendant Akhter's vehicle while Plaintiff was Defendant Martinez's passenger;

    q)      struck Defendant Akhter's vehicle while the Plaintiff was Defendant Martinez's passenger; and,

    h)      was otherwise careless or negligent.

114.    As direct and proximate result of one or more of the foregoing acts of negligence, Defendant Hertz Financing, by and through its agent and/or employee Defendant Martinez, did violently collide with Defendant Akhter's vehicle while Plaintiff Broucek was a passenger of Defendant Martinez' vehicle and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

    a)      bodily injury;

    b)      pain and suffering;

FILED DATE: 4/23/2021 11:59 AM    2021L004231

c)     mental suffering;

d)     medical expenses;

e)     loss of earnings and injury to earning capacity; and,

f)     disability or loss of normal life.

WHEREFORE, the Plaintiff, Amy Broucek, prays for judgment against the Defendant, Hertz Vehicle Financing LLC, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

### COUNT XXIII
### BROUCEK v. HERTZ FINANCING – negligent retention

115. Plaintiff Broucek hereby adopts and re-alleges paragraphs 1-15 as though fully set forth herein.

116. At said time and place, Defendant Martinez was an employee and/or agent of Defendant Hertz Financing and was acting within the scope of his employment and/or agency with Defendant Hertz Financing and with Defendant Hertz Financing's permission.

117. At all times relevant, Defendant Hertz Financing knew or should have known that Defendant Martinez was unfit to operate a motor vehicle while transporting passengers specifically because Defendant Hertz Financing knew or should have known that Defendant Martinez was operating a motor vehicle and transporting passengers while a television receiver, a video monitor, a television or video screen, or any other similar means of visually displaying a television broadcast or video signal that produces entertainment or business applications was operating and was located in the motor vehicle at any point forward of the back of the driver's seat, or was operating and visible to Defendant Martinez while driving the motor vehicle in violation of 625 ILCS 5/12-604.1(a), and while Defendant Martinez was acting within the scope of his employment and/or agency with Defendant Hertz Financing.

118. As direct and proximate result of Defendant Martinez's said unfitness to operate a motor vehicle while transporting passengers, Defendant Martinez, did violently collide

35

FILED DATE: 4/23/2021 11:59 AM   2021L004231

with Defendant Akhter's vehicle while Plaintiff Broucek was a passenger of Defendant Martinez' vehicle and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

a)   bodily injury;

b)   pain and suffering;

c)   mental suffering;

d)   medical expenses;

e)   loss of earnings and injury to earning capacity; and,

f)   disability or loss of normal life.

WHEREFORE, the Plaintiff, Amy Broucek, prays for judgment against the Defendant, Hertz Vehicle Financing LLC, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

## COUNT XXIV
## BROUCEK v. HERTZ FINANCING – negligent entrustment

119.   Plaintiff Broucek hereby adopts and re-alleges paragraphs 1-15 as though fully set forth herein.

120.   At all times relevant, Defendant Hertz Financing owned the vehicle being operated by Defendant Martinez.

121.   At all times relevant, Defendant Hertz Financing entrusted its vehicle to Defendant Martinez and gave him express or implied permission to operate its vehicle to transport passengers.

122.   At all times relevant, Defendant Hertz Financing knew or should have known that Defendant Martinez intended or was likely to operate its vehicle in such a manner as to create an unreasonable risk of harm to others including the Plaintiff, specifically because Defendant Hertz Financing knew or should have known that Defendant

FILED DATE: 4/23/2021 11:59 AM   2021L004231

Martinez was operating or was likely to operate its motor vehicle to transport passengers while a television receiver, a video monitor, a television or video screen, or any other similar means of visually displaying a television broadcast or video signal that produces entertainment or business applications was operating and was located in the motor vehicle at any point forward of the back of the driver's seat, or was operating and visible to Defendant Martinez while driving the motor vehicle in violation of 625 ILCS 5/12-604.1(a).

123.    As direct and proximate result of Defendant Hertz Financing's said entrustment of its vehicle to Defendant Martinez, Plaintiff Broucek did suffer the following past, present, and future loss and damage:

a)      bodily injury;

b)      pain and suffering;

c)      mental suffering;

d)      medical expenses;

e)      loss of earnings and injury to earning capacity; and,

f)      disability or loss of normal life.

WHEREFORE, the Plaintiff, Amy Broucek, prays for judgment against the Defendant, Hertz Vehicle Financing LLC, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

## COUNT XXV
## MUCZYNSKI v. HERTZ CORP – respondeat superior

124.    The Plaintiff Muczynski hereby adopts and re-alleges paragraphs 1-15 as though fully set forth herein.

125.    At said time and place, Defendant Martinez was an employee and/or agent of Defendant Hertz Corp and was acting within the scope of his employment and/or agency with Defendant Hertz Corp.

FILED DATE: 4/23/2021 11:59 AM    2021L004231

126. At said time and place, Defendant, Hertz Corp, by and through its agent and/or employee Martinez, had a duty to own, operate, maintain, and/or control its motor vehicle in a manner so as not to negligently cause injury to persons lawfully on the public way, including the Plaintiff Muczynski.

127. Notwithstanding the foregoing duty, Defendant Hertz Corp, by and through its agent and/or employee Defendant Martinez, did own, operate, maintain, and/or control its motor vehicle in a dangerous and negligent manner in one or more of the following ways:

a) failed to slow or stop when danger to the Plaintiff was imminent;

b) operated a motor vehicle at a speed too great for conditions prevailing;

c) operated a motor vehicle at a speed greater than what was reasonable and proper for the conditions then and there existing so as to endanger the Plaintiff and others in violation of 625 ILCS 5/1-601;

d) failed to keep a proper lookout;

e) operated a motor vehicle while distracted;

f) operated a motor vehicle while a television receiver, a video monitor, a television or video screen, or any other similar means of visually displaying a television broadcast or video signal that produces entertainment or business applications was operating and was located in the motor vehicle at any point forward of the back of the driver's seat, or was operating and visible to the driver while driving the motor vehicle in violation of 625 ILCS 5/12-604.1(a);

g) failed to react in an appropriate manner to avoid striking Defendant Akhter's vehicle while Plaintiff was Defendant Martinez's passenger;

r) struck Defendant Akhter's vehicle while the Plaintiff was Defendant Martinez's passenger; and,

h) was otherwise careless or negligent.

128. As direct and proximate result of one or more of the foregoing acts of negligence, Defendant Hertz Corp, by and through its agent and/or employee Defendant Martinez, did violently collide with Defendant Akhter's vehicle while Plaintiff Muczynski was a passenger of Defendant Martinez' vehicle and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

FILED DATE: 4/23/2021 11:59 AM 2021L004231

a)      bodily injury;

b)      pain and suffering;

c)      mental suffering;

d)      medical expenses;

e)      loss of earnings and injury to earning capacity; and,

f)      disability or loss of normal life.

WHEREFORE, the Plaintiff, David Muczynski, prays for judgment against the Defendant, The Hertz Corporation, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

### COUNT XXVI
### MUCZYNSKI v. HERTZ CORP – negligent retention

129.    Plaintiff Muczynski hereby adopts and re-alleges paragraphs 1-15 as though fully set forth herein.

130.    At said time and place, Defendant Martinez was an employee and/or agent of Defendant Hertz Corp and was acting within the scope of his employment and/or agency with Defendant Hertz Corp and with Defendant Hertz Corp's permission.

131.    At all times relevant, Defendant Hertz Corp knew or should have known that Defendant Martinez was unfit to operate a motor vehicle while transporting passengers specifically because Defendant Hertz Corp knew or should have known that Defendant Martinez was operating a motor vehicle and transporting passengers while a television receiver, a video monitor, a television or video screen, or any other similar means of visually displaying a television broadcast or video signal that produces entertainment or business applications was operating and was located in the motor vehicle at any point forward of the back of the driver's seat, or was operating and visible to Defendant Martinez while driving the motor vehicle in violation of 625 ILCS 5/12-604.1(a), and while Defendant Martinez was acting within the scope of his employment and/or agency with Defendant Hertz Corp.

FILED DATE: 4/23/2021 11:59 AM 2021L004231

132.    As direct and proximate result of Defendant Martinez's said unfitness to operate a motor vehicle while transporting passengers, Defendant Martinez, did violently collide with Defendant Akhter's vehicle while Plaintiff Muczynski was a passenger of Defendant Martinez' vehicle and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

a)    bodily injury;

b)    pain and suffering;

c)    mental suffering;

d)    medical expenses;

e)    loss of earnings and injury to earning capacity; and,

f)    disability or loss of normal life.

WHEREFORE, the Plaintiff, David Muczynski, prays for judgment against the Defendant, The Hertz Corporation, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

### COUNT XXVII
### MUCZYNSKI v. HERTZ CORP – negligent entrustment

133.    Plaintiff Muczynski hereby adopts and re-alleges paragraphs 1-15 as though fully set forth herein.

134.    At all times relevant, Defendant Hertz Corp owned the vehicle being operated by Defendant Martinez.

135.    At all times relevant, Defendant Hertz Corp entrusted its vehicle to Defendant Martinez and gave him express or implied permission to operate its vehicle to transport passengers.

136.    At all times relevant, Defendant Hertz Corp knew or should have known that Defendant Martinez intended or was likely to operate its vehicle in such a manner as

FILED DATE: 4/23/2021 11:59 AM    2021L004231

to create an unreasonable risk of harm to others including the Plaintiff, specifically because Defendant Hertz Corp knew or should have known that Defendant Martinez was operating or was likely to operate its motor vehicle to transport passengers while a television receiver, a video monitor, a television or video screen, or any other similar means of visually displaying a television broadcast or video signal that produces entertainment or business applications was operating and was located in the motor vehicle at any point forward of the back of the driver's seat, or was operating and visible to Defendant Martinez while driving the motor vehicle in violation of 625 ILCS 5/12-604.1(a).

137.   As direct and proximate result of Defendant Hertz Corp's said entrustment of its vehicle to Defendant Martinez, Plaintiff Muczynski did suffer the following past, present, and future loss and damage:

   a)   bodily injury;

   b)   pain and suffering;

   c)   mental suffering;

   d)   medical expenses;

   e)   loss of earnings and injury to earning capacity; and,

   f)   disability or loss of normal life.

WHEREFORE, the Plaintiff, David Muczynski, prays for judgment against the Defendant, The Hertz Corporation, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

## COUNT XXVIII
### BROUCEK v. HERTZ CORP – respondeat superior

138.   The Plaintiff Broucek hereby adopts and re-alleges paragraphs 1-15 as though fully set forth herein.

FILED DATE: 4/23/2021 11:59 AM   2021L004231

139.  At said time and place, Defendant Martinez was an employee and/or agent of Defendant Hertz Corp and was acting within the scope of his employment and/or agency with Defendant Hertz Corp.

140.  At said time and place, Defendant, Hertz Corp, by and through its agent and/or employee Martinez, had a duty to own, operate, maintain, and/or control its motor vehicle in a manner so as not to negligently cause injury to persons lawfully on the public way, including the Plaintiff Broucek.

141.  Notwithstanding the foregoing duty, Defendant Hertz Corp, by and through its agent and/or employee Defendant Martinez, did own, operate, maintain, and/or control its motor vehicle in a dangerous and negligent manner in one or more of the following ways:

   a)  failed to slow or stop when danger to the Plaintiff was imminent;

   b)  operated a motor vehicle at a speed too great for conditions prevailing;

   c)  operated a motor vehicle at a speed greater than what was reasonable and proper for the conditions then and there existing so as to endanger the Plaintiff and others in violation of 625 ILCS 5/1-601;

   d)  failed to keep a proper lookout;

   e)  operated a motor vehicle while distracted;

   f)  operated a motor vehicle while a television receiver, a video monitor, a television or video screen, or any other similar means of visually displaying a television broadcast or video signal that produces entertainment or business applications was operating and was located in the motor vehicle at any point forward of the back of the driver's seat, or was operating and visible to the driver while driving the motor vehicle in violation of 625 ILCS 5/12-604.1(a);

   g)  failed to react in an appropriate manner to avoid striking Defendant Akhter's vehicle while Plaintiff was Defendant Martinez's passenger;

   s)  struck Defendant Akhter's vehicle while the Plaintiff was Defendant Martinez's passenger; and,

   h)  was otherwise careless or negligent.

FILED DATE: 4/23/2021 11:59 AM    2021L004231

142.   As direct and proximate result of one or more of the foregoing acts of negligence, Defendant Hertz Corp, by and through its agent and/or employee Defendant Martinez, did violently collide with Defendant Akhter's vehicle while Plaintiff Broucek was a passenger of Defendant Martinez' vehicle and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

   a)   bodily injury;

   b)   pain and suffering;

   c)   mental suffering;

   d)   medical expenses;

   e)   loss of earnings and injury to earning capacity; and,

   f)   disability or loss of normal life.

WHEREFORE, the Plaintiff, Amy Broucek, prays for judgment against the Defendant, The Hertz Corporation, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

## COUNT XXIX
### BROUCEK v. HERTZ CORP – negligent retention

143.   Plaintiff Broucek hereby adopts and re-alleges paragraphs 1-15 as though fully set forth herein.

144.   At said time and place, Defendant Martinez was an employee and/or agent of Defendant Hertz Corp and was acting within the scope of his employment and/or agency with Defendant Hertz Corp and with Defendant Hertz Corp's permission.

145.   At all times relevant, Defendant Hertz Corp knew or should have known that Defendant Martinez was unfit to operate a motor vehicle while transporting passengers specifically because Defendant Hertz Corp knew or should have known that Defendant Martinez was operating a motor vehicle and transporting passengers while a television receiver, a video monitor, a television or video screen, or any other similar means of visually displaying a television broadcast or video signal that produces entertainment or business applications was operating and was located in the

FILED DATE: 4/23/2021 11:59 AM 2021L004231

motor vehicle at any point forward of the back of the driver's seat, or was operating and visible to Defendant Martinez while driving the motor vehicle in violation of 625 ILCS 5/12-604.1(a), and while Defendant Martinez was acting within the scope of his employment and/or agency with Defendant Hertz Corp.

146. As direct and proximate result of Defendant Martinez's said unfitness to operate a motor vehicle while transporting passengers, Defendant Martinez, did violently collide with Defendant Akhter's vehicle while Plaintiff Broucek was a passenger of Defendant Martinez' vehicle and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

a) bodily injury;

b) pain and suffering;

c) mental suffering;

d) medical expenses;

e) loss of earnings and injury to earning capacity; and,

f) disability or loss of normal life.

WHEREFORE, the Plaintiff, Amy Broucek, prays for judgment against the Defendant, The Hertz Corporation, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

## COUNT XXX
## BROUCEK v. HERTZ CORP – negligent entrustment

147. Plaintiff Broucek hereby adopts and re-alleges paragraphs 1-15 as though fully set forth herein.

148. At all times relevant, Defendant Hertz Corp owned the vehicle being operated by Defendant Martinez.

149. At all times relevant, Defendant Hertz Corp entrusted its vehicle to Defendant Martinez and gave him express or implied permission to operate its vehicle to transport passengers.

FILED DATE: 4/23/2021 11:59 AM    2021L004231

150.    At all times relevant, Defendant Hertz Corp knew or should have known that Defendant Martinez intended or was likely to operate its vehicle in such a manner as to create an unreasonable risk of harm to others including the Plaintiff, specifically because Defendant Hertz Corp knew or should have known that Defendant Martinez was operating or was likely to operate its motor vehicle to transport passengers while a television receiver, a video monitor, a television or video screen, or any other similar means of visually displaying a television broadcast or video signal that produces entertainment or business applications was operating and was located in the motor vehicle at any point forward of the back of the driver's seat, or was operating and visible to Defendant Martinez while driving the motor vehicle in violation of 625 ILCS 5/12-604.1(a).

151.    As direct and proximate result of Defendant Hertz Corp's said entrustment of its vehicle to Defendant Martinez, Plaintiff Broucek did suffer the following past, present, and future loss and damage:

a)    bodily injury;

b)    pain and suffering;

c)    mental suffering;

d)    medical expenses;

e)    loss of earnings and injury to earning capacity; and,

f)    disability or loss of normal life.

WHEREFORE, the Plaintiff, Amy Broucek, prays for judgment against the Defendant, The Hertz Corporation, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

FILED DATE: 4/23/2021 11:59 AM   2021L004231

## COUNT XXXI
## <u>MUCZYNSKI v. HERTZ SALES – respondeat superior</u>

152. The Plaintiff Muczynski hereby adopts and re-alleges paragraphs 1-15 as though fully set forth herein.

153. At said time and place, Defendant Martinez was an employee and/or agent of Defendant Hertz Sales and was acting within the scope of his employment and/or agency with Defendant Hertz Sales.

154. At said time and place, Defendant, Hertz Sales, by and through its agent and/or employee Martinez, had a duty to own, operate, maintain, and/or control its motor vehicle in a manner so as not to negligently cause injury to persons lawfully on the public way, including the Plaintiff Muczynski.

155. Notwithstanding the foregoing duty, Defendant Hertz Sales, by and through its agent and/or employee Defendant Martinez, did own, operate, maintain, and/or control its motor vehicle in a dangerous and negligent manner in one or more of the following ways:

    a)      failed to slow or stop when danger to the Plaintiff was imminent;

    b)      operated a motor vehicle at a speed too great for conditions prevailing;

    c)      operated a motor vehicle at a speed greater than what was reasonable and proper for the conditions then and there existing so as to endanger the Plaintiff and others in violation of 625 ILCS 5/1-601;

    d)      failed to keep a proper lookout;

    e)      operated a motor vehicle while distracted;

    f)      operated a motor vehicle while a television receiver, a video monitor, a television or video screen, or any other similar means of visually displaying a television broadcast or video signal that produces entertainment or business applications was operating and was located in the motor vehicle at any point forward of the back of the driver's seat, or was operating and visible to the driver while driving the motor vehicle in violation of 625 ILCS 5/12-604.1(a);

    g)      failed to react in an appropriate manner to avoid striking Defendant Akhter's vehicle while Plaintiff was Defendant Martinez's passenger;

FILED DATE: 4/23/2021 11:59 AM   2021L004231

t)  struck Defendant Akhter's vehicle while the Plaintiff was Defendant Martinez's passenger; and,

h)  was otherwise careless or negligent.

156.  As direct and proximate result of one or more of the foregoing acts of negligence, Defendant Hertz Sales, by and through its agent and/or employee Defendant Martinez, did violently collide with Defendant Akhter's vehicle while Plaintiff Muczynski was a passenger of Defendant Martinez' vehicle and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

a)  bodily injury;

b)  pain and suffering;

c)  mental suffering;

d)  medical expenses;

e)  loss of earnings and injury to earning capacity; and,

f)  disability or loss of normal life.

WHEREFORE, the Plaintiff, David Muczynski, prays for judgment against the Defendant, Hertz Car Sales, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

**COUNT XXXII**
**MUCZYNSKI v. HERTZ SALES – negligent retention**

157.  Plaintiff Muczynski hereby adopts and re-alleges paragraphs 1-15 as though fully set forth herein.

158.  At said time and place, Defendant Martinez was an employee and/or agent of Defendant Hertz Sales and was acting within the scope of his employment and/or agency with Defendant Hertz Sales and with Defendant Hertz Sales' permission.

159.  At all times relevant, Defendant Hertz Sales knew or should have known that Defendant Martinez was unfit to operate a motor vehicle while transporting passengers specifically because Defendant Hertz Sales knew or should have known

FILED DATE: 4/23/2021 11:59 AM   2021L004231

that Defendant Martinez was operating a motor vehicle and transporting passengers while a television receiver, a video monitor, a television or video screen, or any other similar means of visually displaying a television broadcast or video signal that produces entertainment or business applications was operating and was located in the motor vehicle at any point forward of the back of the driver's seat, or was operating and visible to Defendant Martinez while driving the motor vehicle in violation of 625 ILCS 5/12-604.1(a), and while Defendant Martinez was acting within the scope of his employment and/or agency with Defendant Hertz Sales.

160. As direct and proximate result of Defendant Martinez's said unfitness to operate a motor vehicle while transporting passengers, Defendant Martinez, did violently collide with Defendant Akhter's vehicle while Plaintiff Muczynski was a passenger of Defendant Martinez' vehicle and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

a)    bodily injury;

b)    pain and suffering;

c)    mental suffering;

d)    medical expenses;

e)    loss of earnings and injury to earning capacity; and,

f)    disability or loss of normal life.

WHEREFORE, the Plaintiff, David Muczynski, prays for judgment against the Defendant, Hertz Car Sales, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

## COUNT XXXIII
## MUCZYNSKI v. HERTZ SALES – negligent entrustment

161. Plaintiff Muczynski hereby adopts and re-alleges paragraphs 1-15 as though fully set forth herein.

FILED DATE: 4/23/2021 11:59 AM   2021L004231

162.  At all times relevant, Defendant Hertz Sales owned the vehicle being operated by Defendant Martinez.

163.  At all times relevant, Defendant Hertz Sales entrusted its vehicle to Defendant Martinez and gave him express or implied permission to operate its vehicle to transport passengers.

164.  At all times relevant, Defendant Hertz Sales knew or should have known that Defendant Martinez intended or was likely to operate its vehicle in such a manner as to create an unreasonable risk of harm to others including the Plaintiff, specifically because Defendant Hertz Sales knew or should have known that Defendant Martinez was operating or was likely to operate its motor vehicle to transport passengers while a television receiver, a video monitor, a television or video screen, or any other similar means of visually displaying a television broadcast or video signal that produces entertainment or business applications was operating and was located in the motor vehicle at any point forward of the back of the driver's seat, or was operating and visible to Defendant Martinez while driving the motor vehicle in violation of 625 ILCS 5/12-604.1(a).

165.  As direct and proximate result of Defendant Herts Sales' said entrustment of its vehicle to Defendant Martinez, Plaintiff Muczynski did suffer the following past, present, and future loss and damage:

a)  bodily injury;

b)  pain and suffering;

c)  mental suffering;

d)  medical expenses;

e)  loss of earnings and injury to earning capacity; and,

f)  disability or loss of normal life.

FILED DATE: 4/23/2021 11:59 AM    2021L004231

WHEREFORE, the Plaintiff, David Muczynski, prays for judgment against the Defendant, Hertz Car Sales, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

### COUNT XXXIV
### BROUCEK v. HERTZ SALES – respondeat superior

166. The Plaintiff Broucek hereby adopts and re-alleges paragraphs 1-15 as though fully set forth herein.

167. At said time and place, Defendant Martinez was an employee and/or agent of Defendant Hertz Sales and was acting within the scope of his employment and/or agency with Defendant Hertz Sales.

168. At said time and place, Defendant, Hertz Sales, by and through its agent and/or employee Martinez, had a duty to own, operate, maintain, and/or control its motor vehicle in a manner so as not to negligently cause injury to persons lawfully on the public way, including the Plaintiff Broucek.

169. Notwithstanding the foregoing duty, Defendant Hertz Sales, by and through its agent and/or employee Defendant Martinez, did own, operate, maintain, and/or control its motor vehicle in a dangerous and negligent manner in one or more of the following ways:

a) failed to slow or stop when danger to the Plaintiff was imminent;

b) operated a motor vehicle at a speed too great for conditions prevailing;

c) operated a motor vehicle at a speed greater than what was reasonable and proper for the conditions then and there existing so as to endanger the Plaintiff and others in violation of 625 ILCS 5/1-601;

d) failed to keep a proper lookout;

e) operated a motor vehicle while distracted;

f) operated a motor vehicle while a television receiver, a video monitor, a television or video screen, or any other similar means of visually displaying a television broadcast or video signal that produces entertainment or business applications was operating and was located in the motor vehicle at any point

FILED DATE: 4/23/2021 11:59 AM   2021L004231

forward of the back of the driver's seat, or was operating and visible to the driver while driving the motor vehicle in violation of 625 ILCS 5/12-604.1(a);

g) failed to react in an appropriate manner to avoid striking Defendant Akhter's vehicle while Plaintiff was Defendant Martinez's passenger;

u) struck Defendant Akhter's vehicle while the Plaintiff was Defendant Martinez's passenger; and,

h) was otherwise careless or negligent.

170. As direct and proximate result of one or more of the foregoing acts of negligence, Defendant Hertz Sales, by and through its agent and/or employee Defendant Martinez, did violently collide with Defendant Akhter's vehicle while Plaintiff Broucek was a passenger of Defendant Martinez' vehicle and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

a) bodily injury;

b) pain and suffering;

c) mental suffering;

d) medical expenses;

e) loss of earnings and injury to earning capacity; and,

f) disability or loss of normal life.

WHEREFORE, the Plaintiff, Amy Broucek, prays for judgment against the Defendant, Hertz Car Sales, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

## COUNT XXXV
## BROUCEK v. HERTZ SALES – negligent retention

171. Plaintiff Broucek hereby adopts and re-alleges paragraphs 1-15 as though fully set forth herein.

172. At said time and place, Defendant Martinez was an employee and/or agent of Defendant Hertz Sales and was acting within the scope of his employment and/or agency with Defendant Hertz Sales and with Defendant Hertz Sales' permission.

FILED DATE: 4/23/2021 11:59 AM 2021L004231

173. At all times relevant, Defendant Hertz Sales knew or should have known that Defendant Martinez was unfit to operate a motor vehicle while transporting passengers specifically because Defendant Hertz Sales knew or should have known that Defendant Martinez was operating a motor vehicle and transporting passengers while a television receiver, a video monitor, a television or video screen, or any other similar means of visually displaying a television broadcast or video signal that produces entertainment or business applications was operating and was located in the motor vehicle at any point forward of the back of the driver's seat, or was operating and visible to Defendant Martinez while driving the motor vehicle in violation of 625 ILCS 5/12-604.1(a), and while Defendant Martinez was acting within the scope of his employment and/or agency with Defendant Hertz Sales.

174. As direct and proximate result of Defendant Martinez's said unfitness to operate a motor vehicle while transporting passengers, Defendant Martinez, did violently collide with Defendant Akhter's vehicle while Plaintiff Broucek was a passenger of Defendant Martinez' vehicle and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

   a)   bodily injury;

   b)   pain and suffering;

   c)   mental suffering;

   d)   medical expenses;

   e)   loss of earnings and injury to earning capacity; and,

   f)   disability or loss of normal life.

WHEREFORE, the Plaintiff, Amy Broucek, prays for judgment against the Defendant, Hertz Car Sales, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

FILED DATE: 4/23/2021 11:59 AM   2021L004231

**COUNT XXXVI**
**BROUCEK v. HERTZ SALES – negligent entrustment**

175. Plaintiff Broucek hereby adopts and re-alleges paragraphs 1-15 as though fully set forth herein.

176. At all times relevant, Defendant Hertz Sales owned the vehicle being operated by Defendant Martinez.

177. At all times relevant, Defendant Hertz Sales entrusted its vehicle to Defendant Martinez and gave him express or implied permission to operate its vehicle to transport passengers.

178. At all times relevant, Defendant Hertz Sales knew or should have known that Defendant Martinez intended or was likely to operate its vehicle in such a manner as to create an unreasonable risk of harm to others including the Plaintiff, specifically because Defendant Hertz Sales knew or should have known that Defendant Martinez was operating or was likely to operate its motor vehicle to transport passengers while a television receiver, a video monitor, a television or video screen, or any other similar means of visually displaying a television broadcast or video signal that produces entertainment or business applications was operating and was located in the motor vehicle at any point forward of the back of the driver's seat, or was operating and visible to Defendant Martinez while driving the motor vehicle in violation of 625 ILCS 5/12-604.1(a).

179. As direct and proximate result of Defendant Hertz Sales' said entrustment of its vehicle to Defendant Martinez, Plaintiff Broucek did suffer the following past, present, and future loss and damage:

    a)      bodily injury;

    b)      pain and suffering;

    c)      mental suffering;

FILED DATE: 4/23/2021 11:59 AM   2021L004231

d)      medical expenses;

e)      loss of earnings and injury to earning capacity; and,

f)      disability or loss of normal life.

WHEREFORE, the Plaintiff, Amy Broucek, prays for judgment against the Defendant, Hertz Car Sales, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

## COUNT XXXVII
## MUCZYNSKI v. RASIER – respondeat superior

180.   The Plaintiff Muczynski hereby adopts and re-alleges paragraphs 1-15 as though fully set forth herein.

181.   At said time and place, Defendant Akhter was an employee and/or agent of Defendant Raiser and was acting within the scope of his employment and/or agency with Defendant Raiser.

182.   At said time and place, Defendant, Raiser, by and through its agent and/or employee Akhter, had a duty to own, operate, maintain, and/or control its motor vehicle in a manner so as not to negligently cause injury to persons lawfully on the public way, including the Plaintiff Muczynski.

183.   Notwithstanding the foregoing duty, Defendant Raiser, by and through its agent and/or employee Defendant Akhter, did own, operate, maintain, and/or control its motor vehicle in a dangerous and negligent manner in one or more of the following ways:

a)      failed to slow or stop when danger to the Plaintiff was imminent;

b)      operated his motor vehicle at a speed too great for conditions prevailing;

c)      operated his motor vehicle at a speed greater than what was reasonable and proper for the conditions then and there existing so as to endanger the person and others in violation of 625 ILCS 5/1-601;

FILED DATE: 4/23/2021 11:59 AM   2021L004231

d)      failed to keep a proper lookout;

e)      operated his motor vehicle while distracted;

f)      failed to yield the right-of-way to a vehicle approaching from the opposite direction which was so close as to constitute an immediate hazard in violation of 625 ILCS 5/11-902; and,

g)      was otherwise careless or negligent.

184.    As direct and proximate result of one or more of the foregoing acts of negligence, Defendant Raiser, by and through its agent and/or employee Defendant Akhter, Defendant Akhter's vehicle and Defendant Martinez's vehicle collided while the Plaintiff Muczynski was a passenger of Defendant Martinez' vehicle and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

a)      bodily injury;

b)      pain and suffering;

c)      mental suffering;

d)      medical expenses;

e)      loss of earnings and injury to earning capacity; and,

f)      disability or loss of normal life.

WHEREFORE, the Plaintiff, David Muczynski, prays for judgment against the Defendant, Rasier LLC, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

## COUNT XXXVIII
## BROUCEK v. RASIER – respondeat superior

185.    The Plaintiff Broucek hereby adopts and re-alleges paragraphs 1-15 as though fully set forth herein.

FILED DATE: 4/23/2021 11:59 AM    2021L004231

186.    At said time and place, Defendant Akhter was an employee and/or agent of Defendant Raiser and was acting within the scope of his employment and/or agency with Defendant Raiser.

187.    At said time and place, Defendant, Raiser, by and through its agent and/or employee Akhter, had a duty to own, operate, maintain, and/or control its motor vehicle in a manner so as not to negligently cause injury to persons lawfully on the public way, including the Plaintiff Broucek.

188.    Notwithstanding the foregoing duty, Defendant Raiser, by and through its agent and/or employee Defendant Akhter, did own, operate, maintain, and/or control its motor vehicle in a dangerous and negligent manner in one or more of the following ways:

   a)    failed to slow or stop when danger to the Plaintiff was imminent;

   b)    operated his motor vehicle at a speed too great for conditions prevailing;

   c)    operated his motor vehicle at a speed greater than what was reasonable and proper for the conditions then and there existing so as to endanger the person and others in violation of 625 ILCS 5/1-601;

   d)    failed to keep a proper lookout;

   e)    operated his motor vehicle while distracted;

   f)    failed to yield the right-of-way to a vehicle approaching from the opposite direction which was so close as to constitute an immediate hazard in violation of 625 ILCS 5/11-902; and,

   g)    was otherwise careless or negligent.

189.    As direct and proximate result of one or more of the foregoing acts of negligence, Defendant Raiser, by and through its agent and/or employee Defendant Akhter, Defendant Akhter's vehicle and Defendant Martinez's vehicle collided while the Plaintiff Broucek was a passenger of Defendant Martinez' vehicle and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

   a)    bodily injury;

56

FILED DATE: 4/23/2021 11:59 AM  2021L004231

b)     pain and suffering;

c)     mental suffering;

d)     medical expenses;

e)     loss of earnings and injury to earning capacity; and,

f)     disability or loss of normal life.

WHEREFORE, the Plaintiff, Amy Broucek, prays for judgment against the Defendant, Rasier LLC, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

## COUNT XXXIV
## MUCZYNSKI v. UBER – respondeat superior

190.    The Plaintiff Muczynski hereby adopts and re-alleges paragraphs 1-15 as though fully set forth herein.

191.    At said time and place, Defendant Akhter was an employee and/or agent of Defendant Uber and was acting within the scope of his employment and/or agency with Defendant Uber.

192.    At said time and place, Defendant, Uber, by and through its agent and/or employee Akhter, had a duty to own, operate, maintain, and/or control its motor vehicle in a manner so as not to negligently cause injury to persons lawfully on the public way, including the Plaintiff Muczynski.

193.    Notwithstanding the foregoing duty, Defendant Uber, by and through its agent and/or employee Defendant Akhter, did own, operate, maintain, and/or control its motor vehicle in a dangerous and negligent manner in one or more of the following ways:

a)     failed to slow or stop when danger to the Plaintiff was imminent;

b)     operated his motor vehicle at a speed too great for conditions prevailing;

c)     operated his motor vehicle at a speed greater than what was reasonable and proper for the conditions then and there existing so as to endanger the person and others in violation of 625 ILCS 5/1-601;

FILED DATE: 4/23/2021 11:59 AM   2021L004231

d)      failed to keep a proper lookout;

e)      operated his motor vehicle while distracted;

f)      failed to yield the right-of-way to a vehicle approaching from the opposite direction which was so close as to constitute an immediate hazard in violation of 625 ILCS 5/11-902; and,

g)      was otherwise careless or negligent.

194.    As direct and proximate result of one or more of the foregoing acts of negligence, Defendant Uber, by and through its agent and/or employee Defendant Akhter, Defendant Akhter's vehicle and Defendant Martinez's vehicle collided while the Plaintiff Muczynski was a passenger of Defendant Martinez' vehicle and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

a)      bodily injury;

b)      pain and suffering;

c)      mental suffering;

d)      medical expenses;

e)      loss of earnings and injury to earning capacity; and,

f)      disability or loss of normal life.

WHEREFORE, the Plaintiff, David Muczynski, prays for judgment against the Defendant, Uber Technologies, Inc., in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

## COUNT XL
## BROUCEK v. UBER – respondeat superior

195.    The Plaintiff Broucek hereby adopts and re-alleges paragraphs 1-15 as though fully set forth herein.

FILED DATE: 4/23/2021 11:59 AM    2021L004231

196.    At said time and place, Defendant Akhter was an employee and/or agent of Defendant Uber and was acting within the scope of his employment and/or agency with Defendant Uber.

197.    At said time and place, Defendant, Uber, by and through its agent and/or employee Akhter, had a duty to own, operate, maintain, and/or control its motor vehicle in a manner so as not to negligently cause injury to persons lawfully on the public way, including the Plaintiff Broucek.

198.    Notwithstanding the foregoing duty, Defendant Uber, by and through its agent and/or employee Defendant Akhter, did own, operate, maintain, and/or control its motor vehicle in a dangerous and negligent manner in one or more of the following ways:

    a)    failed to slow or stop when danger to the Plaintiff was imminent;
    b)    operated his motor vehicle at a speed too great for conditions prevailing;
    c)    operated his motor vehicle at a speed greater than what was reasonable and proper for the conditions then and there existing so as to endanger the person and others in violation of 625 ILCS 5/1-601;
    d)    failed to keep a proper lookout;

    e)    operated his motor vehicle while distracted;

    f)    failed to yield the right-of-way to a vehicle approaching from the opposite direction which was so close as to constitute an immediate hazard in violation of 625 ILCS 5/11-902; and,

    g)    was otherwise careless or negligent.

199.    As direct and proximate result of one or more of the foregoing acts of negligence, Defendant Uber, by and through its agent and/or employee Defendant Akhter, Defendant Akhter's vehicle and Defendant Martinez's vehicle collided while the Plaintiff Broucek was a passenger of Defendant Martinez' vehicle and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

FILED DATE: 4/23/2021 11:59 AM   2021L004231

a)      bodily injury;

b)      pain and suffering;

c)      mental suffering;

d)      medical expenses;

e)      loss of earnings and injury to earning capacity; and,

f)      disability or loss of normal life.


WHEREFORE, the Plaintiff, Amy Broucek, prays for judgment against the Defendant, Uber Technologies, Inc., in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.


Respectfully submitted,


By: _____

　　　　Danylo Terleckyj


Levinson and Stefani
Attorneys for Plaintiff
230 W. Monroe St. Suite 2210
Chicago, Illinois 60606
(312) 376-3812
dan@levinsonstefani.com
Attorney No. 58168

FILED DATE: 4/23/2021 11:59 AM   2021L004231

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| DAVID MUCZYNSKI; and, | ) | |
| AMY BROUCEK, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| LYFT, INC.; LYFT ILLINOIS, INC.; et al., | ) | |
| | ) | |
| Defendants. | ) | |

**AFFIDAVIT RE: DAMAGES SOUGHT**

NOW COME the Plaintiffs, David Muczynski and Amy Broucek, by and through their attorneys, Levinson and Stefani, and pursuant to Supreme Court Rule 222, set forth the following:

THE DAMAGES SOUGHT IN THE ABOVE TITLED CAUSE OF ACTION EXCEED $50,000.00.

Respectfully submitted,

By: _____
Danylo Terleckyj

Under penalties, as provided by law pursuant to 735 ILCS 5/1 109, the undersigned certified that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_____
Danylo Terleckyj

Levinson and Stefani
Attorneys for Plaintiff
230 W. Monroe St. Suite 2210
Chicago, Illinois 60606
P: (312) 376-3812
F: (312) 376-3818
E: dan@levinsonstefani.com
Attorney No.: 58168

 **CT Corporation**

**Service of Process Transmittal**
04/30/2021
CT Log Number ███████

**TO:** ███████
Lyft, Inc.
185 BERRY ST STE 5000
SAN FRANCISCO, CA 94107-2503

**RE:** **Process Served in Illinois**

**FOR:** Lyft, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | David Muczynski and Amy Broucek, Pltfs. vs. Lyft, Inc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summonses, Attachment(s), Complaint, Affidavit(s) |
| **COURT/AGENCY:** | Cook County Circuit Court - County Department - Law Division, IL Case # 21L4231 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision - April 27, 2019 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/30/2021 at 03:05 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of this Summons, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | Danylo Terleckyj Levinson and Stefani 230 W. Monroe St. Suite 2210 Chicago, IL 60606 312-376-3812 |
| **ACTION ITEMS:** | ████████████████ ███████ |
| | Email Notification, ███████████ |
| | Email Notification, ██████████ |
| | Email Notification, ███████ |
| | Email Notification, ███████████ |
| | Email Notification, █████████ |
| | Email Notification, ████████ |
| | Email Notification, ████████ |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System |

**Exhibit B**



| Case Information Summary for Case Number |
|---|
| 2021-L-004231 |

Filing Date: 04/23/2021

Case Type: PERSONAL INJURY(MOTOR VEHICLE)

Division: Law Division

District: First Municipal

Ad Damnum: $50000.00

Calendar: H

### Party Information

**Plaintiff(s)**
MUCZYNSKI DAVID

**Attorney(s)**
LEVINSON & STEFANI
230 W MADISON#2210
CHICAGO IL, 60606
(312) 376-3812

BROUCEK AMY

| **Defendant(s)** | **Defendant Date of Service** | **Attorney(s)** |
|---|---|---|
| AKHTER SYED | | |
| COLON ANDERSON | | |
| HERTZ CAR SALES | | |
| HERTZ VEHICLE FINANCING L | | |
| HERTZ VEHICLES LLC | | |
| LYFT ILLINOIS, INC. | | |
| LYFT, INC. | | |
| RASIER, LLC | | |
| THE HERTZ CORPORATION | | |
| UBER TECHNOLOGIES, INC. | | |

### Case Activity

Activity Date: 04/23/2021

Participant: MUCZYNSKI DAVID

PERSONAL INJURY (MOTOR VEHICLE) COMPLAINT FILED (JURY DEMAND)

Court Fee: 600.50

Attorney: LEVINSON & STEFANI

Ad Damnum Amount: 50000.00

**Exhibit C**

Activity Date: 04/26/2021      Participant: MUCZYNSKI DAVID

### MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER FILED

Attorney: LEVINSON & STEFANI

Activity Date: 04/27/2021      Participant: MUCZYNSKI

### APPOINT SPECIAL DEPUTY - ALLOWED -

Judge: EHRLICH, JOHN H.

Activity Date: 04/27/2021      Participant: MUCZYNSKI

### ISSUE WRIT - ALLOWED -

Judge: EHRLICH, JOHN H.

Activity Date: 04/28/2021      Participant: MUCZYNSKI DAVID

### SUMMONS ISSUED AND RETURNABLE

Attorney: LEVINSON & STEFANI

Activity Date: 04/28/2021      Participant: MUCZYNSKI DAVID

### SUMMONS ISSUED AND RETURNABLE

Attorney: LEVINSON & STEFANI

Activity Date: 04/28/2021      Participant: MUCZYNSKI DAVID

### SUMMONS ISSUED AND RETURNABLE

Attorney: LEVINSON & STEFANI

Activity Date: 04/28/2021      Participant: MUCZYNSKI DAVID

### SUMMONS ISSUED AND RETURNABLE

Attorney: LEVINSON & STEFANI

Activity Date: 04/28/2021      Participant: MUCZYNSKI DAVID

### SUMMONS ISSUED AND RETURNABLE

Attorney: LEVINSON & STEFANI

Activity Date: 04/28/2021      Participant: MUCZYNSKI DAVID

### SUMMONS ISSUED AND RETURNABLE

Attorney: LEVINSON & STEFANI

Activity Date: 04/28/2021      Participant: MUCZYNSKI DAVID

SUMMONS ISSUED AND RETURNABLE

Attorney: LEVINSON & STEFANI

Activity Date: 04/28/2021                    Participant: MUCZYNSKI DAVID

SUMMONS ISSUED AND RETURNABLE

Attorney: LEVINSON & STEFANI

Activity Date: 04/28/2021                    Participant: MUCZYNSKI DAVID

SUMMONS ISSUED AND RETURNABLE

Attorney: LEVINSON & STEFANI

Activity Date: 04/28/2021                    Participant: MUCZYNSKI DAVID

SUMMONS ISSUED AND RETURNABLE

Attorney: LEVINSON & STEFANI

Back to Top

Please note: Neither the Circuit Court of Cook County nor the Clerk of the
Circuit Court of Cook County warrants the accuracy, completeness, or the currency
of this data. This data is not an official record of the Court or the Clerk and may
not be represented as an official court record.

If data does not appear in a specific field, we likely do not have the responsive data
in our master database.

09/19/2019 10:18 PM    FAXCORE                    -> 8777959975                    1

**LexisNexis**®

**For Customer Support refer to the appropriate platform below:**

**OrderPoint**
800-934-9698
Orderpoint.support@lexisnexis.com

**Accurint for Insurance**
866-277-8407
Accurint.support@lexisnexis.com

**Lexis.com**
Law Firm accounts
800-543-6862

PAGE COUNT: 3

CLIENT.: AFI1698937
DIVISION.: XRFACC1698937
ADJUSTER.: ADJACKS2
CLAIM.: FJX7887

TRANSACTION # : 785514272
DATE : 05/09/2019

DATE OF LOSS : 04/27/2019        TIME OF LOSS :
STREET : NORTH LASALLE ST
CITY : CHICAGO
COUNTY : COOK
STATE : IL

INVESTIGATING AGENCY : CHICAGO PD
REPORT NUMBER : JC240873
REPORT TYPE : Auto Accident
PARTY 1 : ANDERSON  MARTINEZ
PARTY 2 :
PARTY 3 :

CAR :                MAKE :                YEAR :
                     TAG :

DRIVER LICENSE :
ADDITIONAL INFO :

POLICY #:
POLICY STATE:
LOSS KIND:

NOTE :

THANK YOU FOR YOUR ORDER!

**Exhibit D**

# ILLINOIS TRAFFIC CRASH REPORT - D - 1

| DRAC 01 | 1 | TRFD 02 | 3 | TRFC | 4 | WEAT | 3 | DRVA 01 | 99 | VIS 02 | 99 | 01 | 1 | U2 | VEHD 01 | 99 | U2 | LGHT | 1 | COLL 01 | 10 | MANV 01 | 1 | 02 | 3 |

Printed by the authority of the State of Illinois

**INVESTIGATING AGENCY**

**CHICAGO PD**

| DAMAGE TO ANY ONE PERSON'S VEHICLE / PROPERTY | ☐ $500 OR LESS ☐ $501 - $1,500 ☒ OVER $1,500 |

**TYPE OF REPORT**
☒ ON SCENE
☐ NOT ON SCENE (DESK REPORT)
☐ AMENDED

☐ A  No Injury / Drive Away
☒ B  Injury and / or Tow Due To Crash

**R.D. Number**
2019 J C240873

**BEAT OF OCCURRENCE**
0122

| TRFW | 3 |
| VEHT | U1 1 |

**ADDRESS NO.** 203
**HIGHWAY or STREET NAME** LA SALLE ST
☒ CITY **CHICAGO**  TOWNSHIP ☐
☐INTERSECTION RELATED ☐Y ☒N
**DATE OF CRASH** 04 / 27 / 2019
**TIME** 05 21  ☐AM ☒PM
SECONDARY CRASH ☐YES ☒NO

☐ .......FT / MI  N E S W
☐ AT INTERSECTION WITH  (NAME OF INTERSECTION OR ROAD FEATURE)
**COUNTY** COOK
PRIVATE PROPERTY ☐Y ☒N
DOORING WITH ☐Y
HIT & RUN ☐Y ☒N
PEDALCYCLIST ☒N
FLOW CONDITION ☐SLOW ☐STOPPED ☒FREE FLOW
# OF MOTOR VEHICLES INVLD 2

| U2 | 4 |
| # LNS | 4 |

## UNIT 1

☒ DRIVER ☐ PARKED ☐ DRIVERLESS ☐ PED ☐ PEDAL ☐ EQUES ☐ NMV ☐ NCV ☐ DV
**NAME (LAST, FIRST, M)** MARTINEZ COLON, ANDERSON
**DATE OF BIRTH** 10 / 14 / 1979
**MAKE** HYUNDAI **MODEL** SONATA **YEAR** 2017

**CIRCLE NUMBER(S) FOR DAMAGED AREA(S)**
00 - NONE
13 - UNDER CARRIAGE
14 - TOTAL (ALL)
15 - OTHER
99 - UNKNOWN
**POINT OF FIRST CONTACT** 12

TOWED DUE TO CRASH ☐Y ☒N
FIRE ☐
DISTRACTED ☒
*Distraction Value
COM VEH ☐
*If Yes, See Sidebar

| TRFW | 4 |
| VEHT | U2 4 |

**STREET ADDRESS** 2212 S CENTRAL AVE
**SEX** M **SAFT** 2 **AIR** 5
**AUTOMATION SYSTEM** ☐Y ☒N ☐UNK **LEVEL IN VEH.** 9 **LEVEL ENGAGED AT CRASH** 9

| ALGN | 1 |

**CITY** CICERO **STATE** IL **ZIP** 60804
**INJ** 0 **EJCT** 1 **EPTH** 0
**PLATE NO.** E724010 **STATE** IL **YEAR** 2019

| U2 | 1 |

**TELEPHONE** 718-955-3665
**DRIVER'S LICENSE NO.** M635-0007-9293
**STATE** IL **CLASS** D **CDL ID**
**VIN** 5NPE24AF2HH495908
**INSURANCE CO.** SELF INSURED
EXPIRED ☐Y ☒N

| RSUR | 3 |

**EMS AGENCY**
**PEDV** **PPA** **PPL**
**VEHICLE OWNER (LAST, FIRST, M)** HERTZ VEHICLES LLC
**POLICY NUMBER** HERZ

| VEHU | 25 |

**HOSPITAL (TAKEN TO)**
**INCIDENT RESPONDER** ☐Y ☒N **IF 'Y'**
**OWNER STREET, CITY, STATE, ZIP** 2170 MANNHEIM RD , DES PLAINES, IL, 60018
**PHONE NUMBER** NONE

| U1 | 25 |

## UNIT 2

☒ DRIVER ☐ PARKED ☐ DRIVERLESS ☐ PED ☐ PEDAL ☐ EQUES ☐ NMV ☐ NCV ☐ DV
**NAME (LAST, FIRST, M)** AKHTER, SYED, N
**DATE OF BIRTH** 01 / 01 / 1971
**MAKE** TOYOTA MOTOR COMPANY, LT **MODEL** CAMRY **YEAR** 2015

**CIRCLE NUMBER(S) FOR DAMAGED AREA(S)**
00 - NONE
13 - UNDER CARRIAGE
14 - TOTAL (ALL)
15 - OTHER
99 - UNKNOWN
**POINT OF FIRST CONTACT** 3

TOWED DUE TO CRASH ☐Y ☐N
FIRE ☐
DISTRACTED ☐
*Distraction Value
COM VEH ☐
*If Yes, See Sidebar

| U1 | 2 |

**STREET ADDRESS** 2700 W LUNT AVE APT 301
**SEX** M **SAFT** 2 **AIR** 6
**AUTOMATION SYSTEM** ☐Y ☒N ☐UNK **LEVEL IN VEH.** 9 **LEVEL ENGAGED AT CRASH** 9

| SPDR | 9 |

**CITY** CHICAGO **STATE** IL **ZIP** 60645
**INJ** B **EJCT** 1 **EPTH** 0
**PLATE NO.** E339130 **STATE** IL **YEAR** 2019

| U1 | 9 |

**TELEPHONE** 773-837-8211
**DRIVER'S LICENSE NO.** A236-7947-1001
**STATE** IL **CLASS** D **CDL ID**
**VIN** 4T1BF1FK3FU873843
**INSURANCE CO.** FOUNDERS
EXPIRED ☐Y ☒N

| RDEF | 1 |

**EMS AGENCY** AMB 28
**PEDV** **PPA** **PPL**
**VEHICLE OWNER (LAST, FIRST, M)** AKHTER, SYED N
**POLICY NUMBER** ITVL157702

| BAC | 96 |

**HOSPITAL (TAKEN TO)** NORTHWESTERN HOSPITAL
**INCIDENT RESPONDER** ☐Y ☒N **IF 'Y'**
**OWNER STREET, CITY, STATE, ZIP** 2700 W LUNT AVE APT 301, CHICAGO, IL, 60645
**PHONE NUMBER** 773-837-8211

| U1 | 96 |

| (UNIT) | (SEAT) | (DOB) | (SEX) | (SAFT) | (AIR) | (INJ) | (EJCT) (EPTH) | PASSENGERS & WITNESS ONLY | (NAME) / (ADDRESS) / (TELEPHONE) | (EMS) | (HOSPITAL) | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 6 | / / | F | 9 | 3 | C | 1 | | BRONCEK, AMY B / 7543 WOOD BROOK RD , ANN ARBOR, MI, 48103 / 734-732-0184 | AMB 28 | REFUSED | U2 | 96 |
| 1 | 4 | / / | M | 9 | 4 | 0 | 1 | | MUCZYNSKI, DAVID M / 377 E HURST DR , TROY, MI, 48085 / 248-894-8504 | | REFUSED | # OCCS | 3 |
| | | / / | | | | | | | | | | U1 | 1 |

## UNIT 1 (lower)

| | EV | MOST | EVNT | LOC | DAMAGED PROPERTY OWNER NAME | DAMAGED PROPERTY | POLICE NOTIFIED | TIME | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | ☒ | 11 | 1 | | | 04 / 27 / 2019 | 05 : 23 ☐AM ☒PM | Did crash occur in a Work Zone? ☐Y ☒N | DIRP | U1 1 |
| 2 | 2 | ☐ | | | PROPERTY OWNERS ADDRESS: STREET, CITY, STATE, ZIP | PRIMARY CAUSE 18 SECONDARY CAUSE 99 | EMS NOTIFIED 04 / 27 / 2019 | 05 : 24 ☐AM ☒PM | If YES check one below: ☐ Construction | | |
| 3 | 3 | ☐ | | | ☐ CITATIONS ISSUED ☐ PENDING  SECTION  CITATION NO. | | EMS ARRIVED 04 / 27 / 2019 | 05 : 39 ☐AM ☒PM | ☐ Maintenance | SLMT | U1 5 |
| | | | | | ARREST NAME | | | | ☐ Utility | | |

## UNIT 2 (lower)

| | EV | MOST | EVNT | LOC | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | ☒ | 11 | 1 | ☐ CITATIONS ISSUED ☐ PENDING  SECTION  CITATION NO. | | ROAD CLEARANCE / / : ☐AM ☐PM | | ☐ Unknown work zone type | | |
| 2 | 2 | ☐ | | | ARREST NAME | | COURT DATE / / : ☐AM ☐PM | | Workers present? ☐Y ☐N | U1 | |
| 3 | 3 | ☐ | | | OFFICER ID 5530 SIGNATURE OPIELA, AGNIESZKA | BEAT / DIST. 0112 | SUPERVISOR ID. N. WENTA / 2268 | | | U2 | |

**REMEMBER TO USE BLACK INK, PRESS HARD, PRINT LEGIBLY AND COMPLETE ALL REQUIRED FIELDS!**

*IF YES TO COM VEH, COMPLETE LARGE TRUCK, BUS, OR HM VEHICLE AREA ON BACK*

*CP003* *X001524509* FAXCORE 9/2019 10:18 PM SR 1055C (JAN 2019) -> 8777959975 2

**X001524509**  RD NUMBER J C240873

LA SALLE ST

## LARGE TRUCK, BUS, OR HM VEHICLE

IF MORE THAN ONE CMV IS INVOLVED, USE SR 1050A ADDITIONAL UNITS FORMS.

A CMV is defined as any motor vehicle used to transport passengers or property and:

1. Has a weight rating more than 10,000 pounds (example: truck or truck/trailer combination); or

2. Is used or designed to transport more than 15 passengers including the driver (example: shuttle or charter bus); or

3. Is designed to carry 15 or fewer passengers and operated by a contract carrier transporting employees in the course of their employment (example: employee transporter - usually a van type vehicle or passenger car); or

4. Is used or designated to transport between 9 and 15 passengers, including the driver, for compensation (example: large van used for specific purpose); or

5. Is any vehicle used to transport any hazardous material (HAZMAT) that requires placard (example: placards will be displayed on the vehicle).

INDICATE NORTH BY ARROW

1

2

LAKE ST

CARRIER NAME _____

ADDRESS _____

CITY/STATE/ZIP _____

MOTOR CARR. ID ☐ Interstate ☐ Intrastate ☐ Not in Comm./Govt. ☐ Not in Comm./Other

USDOT NO. _____ ILCC NO. _____

Source of above ☐ Side of Truck ☐ Papers ☐ Driver ☐ Log Book

GVWR/GCWR ☐ <10,000 ☐ 10,000 - 26,000 ☐ >26,000

Were HAZMAT placards on vehicle? ☐ Yes ☐ No

If Yes, Name on placard _____

4 digit UN NO. _____ 1 digit Hazard class No. _____

Did HAZMAT spill from vehicle (do NOT consider FUEL from vehicle's own tank)? ☐ Yes ☐ No ☐ Unknown

Did HAZMAT Regulations violation contribute to the crash? ☐ Yes ☐ No ☐ Unknown

Did Carrier Safety Regulations (MCS) violation contribute to the crash? ☐ Yes ☐ No ☐ Unknown

Was a driver/vehicle Examination Report Form completed?

HAZMAT ☐ Yes ☐ No ☐ Unknown Out of Service ☐ Yes ☐ No

MCS ☐ Yes ☐ No ☐ Unknown Out of Service ☐ Yes ☐ No

Form Number _____

**NARRATIVE** (refer to vehicle by unit #)

EVENT #11396. BWC INCIDENT. R/OS RESPONDED ON FEETS TO A TRAFFIC CRASH THAT OCCURRED WHILE R/OS WERE RESPONDING TO ANOTHER CALL AT THE ABOVE LOCATION. UNIT 1 RELATED THAT HE WAS DRIVING NORTHBOUND ON LASALLE ST ON GREEN LIGHT WHEN HE STRUCK UNIT 2. UNIT 1 RELATED THAT UNIT 2 WAS DOING U-TURN TO A NORTHBOUND LANES ON LASALLE ST. UNIT 2 RELATED THAT HE WAS TURNING LEFT ON LAKE ST WHEN UNIT 1 STRUCK HIM ON THE RIGHT SIDE OF THE VEHICLE. PASSENGERS OF UNIT 1 RELATED THAT THE DRIVER ENTERED THE INTERSECTION AT LASALLE/LAKE ON RED LIGHT AND THAT HIS IPAD WAS ON SHOWING BASEBALL GAME DURING THE DRIVE. PASSENGER BRONCEK OF UNIT 1 WAS EVALUATED BY AMBULANCE # 28 BUT REFUSED FURTHER MEDICAL ATTENTION. UNIT 2 DRIVER WAS TRANSPORTED TO NORTHWESTERN HOSPITAL FOR FURTHER EVALUATION. DRIVER INFORMATION EXCHANGE CARDS WERE GIVEN TO BOTH UNITS. PASSENGERS OF UNIT 1 RECEIVED REPORT NUMBER.

| U_1_COLOR | U_2_COLOR | | | |
|---|---|---|---|---|
| white | grey | STATEMENTS TAKEN ☐ Yes ☒ No | PHOTOS TAKEN ☐ Yes ☒ No | |

| U_1_TOWED DUE TO | ☐ | DISABLING DAMAGE | ☒ NOT DISABLING DAMAGE | DAMAGE EXTENT: | TOWED BY/TO: |
|---|---|---|---|---|---|
| U_2_TOWED DUE TO | ☒ | DISABLING DAMAGE | ☐ NOT DISABLING DAMAGE | DAMAGE EXTENT: 3 | TOWED BY/TO: |

| HIT AND RUN WANTED DRIVER | SEX | RACE | AGE | HAIR COLOR | DISTINGUISHING MARKS / CLOTHING | UNIT | VEHICLE COLOR |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| MAIU ONLY | OFFICER ASSIGNED STAR # | DATE ASSIGNED | SUPERVISOR STAR # | IF CASE CLEARED, HOW ☐ Arrest Prosecution | CITATION # |
|---|---|---|---|---|---|
| | | | | | |

| COURT RM. | TIME ☐ AM ☐ PM | CHARGES ☐ EXC. CLEARED |
|---|---|---|
| / / : | | |

SUSPENDED
☐ TIM CANNOT ID OFFENDER
☐ LETTER TO CONTACT RETURNED BY USPS
☐ VEHICLE REGISTRATION UNAVAILABLE
☐ NO INVESTIGATIVE LEADS
☐ WARRANT OBTAINED
☐ INSUFFICIENT EVIDENCE FOR ARREST
☐ VEHICLE STOLEN - RD #
☐ OTHER (SPECIFY)

| PREPARED BY: | STAR # | DD/MM/YR | APPROVED BY: | STAR # |
|---|---|---|---|---|
| | | | | |

IDOT PERMIT NO. _____ WIDELOAD? ☐ Yes ☐ No

TRAILER VIN 1 _____

TRAILER VIN 2 _____

| TRAILER WIDTH(S) | 0 - 96" | 97 - 102" | > 102" |
|---|---|---|---|
| TRAILER 1 | ☐ | ☐ | ☐ |
| TRAILER 2 | ☐ | ☐ | ☐ |

TRAILER LENGTH(S) 1 _____ ft. 2 _____ ft.

TOTAL VEHICLE LENGTH _____ ft. NO. OF AXLES _____

CRASH LOCATION ☐ City of OR ☐ Nearest City

_____ MILES N E S W OR _____
(CIRCLE ONE) City Name

SELECT CODES FROM THE BACK OF CRASH BOOKLET

VEHICLE CONFIG. _____ CARGO BODY TYPE _____ LOAD TYPE _____



Office of the Secretary of State Jesse White
CYBERDRIVEILLINOIS.COM

# Corporation/LLC Search/Certificate of Good Standing

## Corporation File Detail Report

| | |
|---|---|
| File Number | 69753604 |
| Entity Name | LYFT, INC. |
| Foreign Assumed Name | LYFT ILLINOIS, INC. |
| Status ACTIVE | |

### Entity Information

Entity Type
CORPORATION

Type of Corp
FOREIGN BCA

Qualification Date (Foreign)
Thursday, 16 October 2014

State
DELAWARE

Duration Date
PERPETUAL

### Agent Information

**Exhibit E**

**Name**
C T CORPORATION SYSTEM

**Address**
208 SO LASALLE ST, SUITE 814
CHICAGO , IL 60604

**Change Date**
Wednesday, 20 September 2017

## Annual Report

**Filing Date**
Tuesday, 20 October 2020

**For Year**
2020

## Officers

**President**
Name & Address
JOHN ZIMMER 185 BERRY ST STE 5000 SAN FRANCISCO CA 94107

**Secretary**
Name & Address
KRISTIN SVERCHEK 185 BERRY ST #5000 SAN FRANCISCO CA 94107

Return to Search

File Annual Report

Adopting Assumed Name

Change of Registered Agent and/or Registered Office

(One Certificate per Transaction)



Office of the Secretary of State Jesse White
CYBERDRIVEILLINOIS.COM

# Corporation/LLC Search/Certificate of Good Standing

## Corporation File Detail Report

| | |
|---|---|
| File Number | 69753604 |
| Entity Name | LYFT, INC. |
| Foreign Assumed Name | LYFT ILLINOIS, INC. |
| Status ACTIVE | |

### Entity Information

| | |
|---|---|
| Entity Type CORPORATION | |
| Type of Corp FOREIGN BCA | |
| Qualification Date (Foreign) Thursday, 16 October 2014 | |
| State DELAWARE | |
| Duration Date PERPETUAL | |

### Agent Information

**Exhibit F**

Name
C T CORPORATION SYSTEM

Address
208 SO LASALLE ST, SUITE 814
CHICAGO , IL 60604

Change Date
Wednesday, 20 September 2017

## Annual Report

Filing Date
Tuesday, 20 October 2020

For Year
2020

## Officers

President
Name & Address
JOHN ZIMMER 185 BERRY ST STE 5000 SAN FRANCISCO CA 94107

Secretary
Name & Address
KRISTIN SVERCHEK 185 BERRY ST #5000 SAN FRANCISCO CA 94107

Return to Search

File Annual Report

Adopting Assumed Name

Change of Registered Agent and/or Registered Office

(One Certificate per Transaction)

This information was printed from www.cyberdriveillinois.com, the official website of the Illinois Secretary of State's Office.          Thu Apr 29 2021



Office of the Secretary of State Jesse White
CYBERDRIVEILLINOIS.COM

# Corporation/LLC Search/Certificate of Good Standing

## LLC File Detail Report

| | |
|---|---|
| File Number | 00629324 |
| Entity Name | HERTZ VEHICLES LLC |
| Status | ACTIVE |

### Entity Information

**Principal Office**
8501 WILLIAMS ROAD
ESTERO, FL 33928

**Entity Type**
LLC

**Type of LLC**
Foreign

**Organization/Admission Date**
Wednesday, 21 November 2001

**Jurisdiction**
DE

**Duration**
PERPETUAL

### Agent Information

**Name**

**Exhibit G**

C T CORPORATION SYSTEM

Address
208 SO LASALLE ST, SUITE 814
CHICAGO , IL 60604

Change Date
Wednesday, 21 November 2001

## Annual Report

For Year
2020

Filing Date
Wednesday, 30 September 2020

## Managers

Name
Address
HERTZ VEHICLE FINANCING LLC
8501 WILLIAMS ROAD
ESTERO, FL 33928

## Series Name

NOT AUTHORIZED TO ESTABLISH SERIES

Return to Search

File Annual Report
Adopting Assumed Name
Articles of Amendment Effecting A Name Change
Change of Registered Agent and/or Registered Office

(One Certificate per Transaction)

This information was printed from www.cyberdriveillinois.com, the official website of the Illinois Secretary of State's Office.



Office of the Secretary of State Jesse White
*CYBER*DRIVEILLINOIS.COM

# Corporation/LLC Search/Certificate of Good Standing

## LLC File Detail Report

| | |
|---|---|
| File Number | 00652091 |
| Entity Name | HERTZ VEHICLE FINANCING LLC |
| Status | ACTIVE |

### Entity Information

**Principal Office**
8501 WILLIAMS ROAD
ESTERO, FL 33928

**Entity Type**
LLC

**Type of LLC**
Foreign

**Organization/Admission Date**
Tuesday, 15 January 2002

**Jurisdiction**
DE

**Duration**
PERPETUAL

### Agent Information

Name

<span style="color:red">**Exhibit H**</span>

C T CORPORATION SYSTEM

Address
208 SO LASALLE ST, SUITE 814
CHICAGO , IL 60604

Change Date
Tuesday, 15 January 2002

## Annual Report

For Year
2021

Filing Date
Thursday, 19 November 2020

## Managers

Name
Address
THE HERTZ CORPORATION
8501 WILLIAMS ROAD
ESTERO, FL 33928

## Series Name

NOT AUTHORIZED TO ESTABLISH SERIES

Return to Search

File Annual Report

Adopting Assumed Name

Articles of Amendment Effecting A Name Change

Change of Registered Agent and/or Registered Office

(One Certificate per Transaction)

This information was printed from www.cyberdriveillinois.com, the official website of the Illinois Secretary of State's Office.



Office of the Secretary of State Jesse White

# Corporation/LLC Search/Certificate of Good Standing

## Corporation File Detail Report

| | |
|---|---|
| File Number | 19832945 |
| Entity Name | THE HERTZ CORPORATION |
| Status<br>ACTIVE | |

### Entity Information

Entity Type
CORPORATION

Type of Corp
FOREIGN BCA

Qualification Date (Foreign)
Friday, 21 April 1967

State
DELAWARE

Duration Date
PERPETUAL

### Agent Information

Name
C T CORPORATION SYSTEM

Address

**Exhibit I**

208 SO LASALLE ST, SUITE 814
CHICAGO , IL 60604

Change Date
00/00/0000

## Annual Report

Filing Date
Tuesday, 23 March 2021

For Year
2021

## Officers

President
Name & Address
ANGELA IRIS BRAV 8501 WILLIAMS RD ESTERO FL 33928

Secretary
Name & Address
M DAVID GALAINENE 8501 WILLIAMS RD ESTERO FL 33928

## Assumed Name

ACTIVE
HERTZ CAR SALES

Return to Search

File Annual Report

Adopting Assumed Name

Change of Registered Agent and/or Registered Office

(One Certificate per Transaction)



Office of the Secretary of State Jesse White

# Corporation/LLC Search/Certificate of Good Standing

## LLC File Detail Report

| | |
|---|---|
| File Number | 04435079 |
| Entity Name | RASIER, LLC |
| Status | ACTIVE |

### Entity Information

**Principal Office**
1455 MARKET STREET, 4TH FLOOR
SAN FRANCISCO, CA 94103

**Entity Type**
LLC

**Type of LLC**
Foreign

**Organization/Admission Date**
Tuesday, 1 October 2013

**Jurisdiction**
DE

**Duration**
PERPETUAL

### Agent Information

Name

**Exhibit J**

C T CORPORATION SYSTEM

Address
208 SO LASALLE ST, SUITE 814
CHICAGO , IL 60604

Change Date
Friday, 22 April 2016

## Annual Report

For Year
2020

Filing Date
Wednesday, 5 August 2020

## Managers

Name
Address
CHADWICK, FRANCOIS
1455 MARKET STREET, 4TH FLOOR
SAN FRANCISCO, CA 94103

Name
Address
GUMBS, KEIR
1455 MARKET STREET, 4TH FLOOR
SAN FRANCISCO, CA 94103

Name
Address
KUNTZ, BRIAN
1455 MARKET STREET, 4TH FLOOR
SAN FRANCISCO, CA 94103

## Series Name

NOT AUTHORIZED TO ESTABLISH SERIES

Return to Search

File Annual Report

Adopting Assumed Name

Articles of Amendment Effecting A Name Change

Change of Registered Agent and/or Registered Office

(One Certificate per Transaction)

This information was printed from www.cyberdriveillinois.com, the official website of the Illinois Secretary of State's Office.          Thu Apr 29 2021



# Office of the Secretary of State Jesse White
## CYBERDRIVEILLINOIS.COM

# Corporation/LLC Search/Certificate of Good Standing

## Corporation File Detail Report

| | |
|---|---|
| File Number | 68099188 |
| Entity Name | UBER TECHNOLOGIES, INC. |
| Status ACTIVE | |

### Entity Information

Entity Type
CORPORATION

Type of Corp
FOREIGN BCA

Qualification Date (Foreign)
Tuesday, 18 October 2011

State
DELAWARE

Duration Date
PERPETUAL

### Agent Information

Name
C T CORPORATION SYSTEM

Address

<span style="color:red">**Exhibit K**</span>

208 SO LASALLE ST, SUITE 814
CHICAGO , IL 60604

Change Date
Friday, 1 April 2016

## Annual Report

Filing Date
Monday, 21 September 2020

For Year
2020

## Officers

President
Name & Address
VACANT

Secretary
Name & Address
TONY WEST 1455 MARKET ST SAN FRANCISCO CA 94103

Return to Search

File Annual Report

Adopting Assumed Name

Change of Registered Agent and/or Registered Office

(One Certificate per Transaction)

This information was printed from www.cyberdriveillinois.com, the official website of the Illinois Secretary of State's Office.          Thu Apr 29 2021